a 1 Powell on Mortg. Rands ed. 15 note L. 355, note 2.

---

CLARK AND LINDSAY vs SIMMONS.

*As to credits entered on the back of a bond.*

1. A credit entered on the back of a bond, which is legible, though shewing some evidence of an attempt to erase it, is good evidence of payment, to its extent, until disproved.

Peter Simmons, by warrant from a justice of the peace of Jackson county, sued Lewis Clark and Oliver J. Lindsay, as makers of a note under seal: and judgment was given against the defendants; from which they took an appeal to the Circuit Court.

On the trial in the Circuit Court, judgment was also given against the defendants; and they removed the cause into this Court by writ of error.

CLARK AND LINDSAY *vs.* SIMMONS.

A bill of exceptions disclosed, that on the trial, the plaintiff gave in evidence a note under seal, signed by the defendants, and stipulating the payment to Peter Simmons, or order, of two thousand pounds of seed cotton;—dated the thirtieth August, 1827, and payable on the first of December thereafter; the cotton for which given, was proven to have been worth, at the maturity of the note, one dollar and seventy-five cents per hundred weight. A credit having been read from the back of the note, for eleven dollars and sixteen cents,—the defendants proposed, as testimony, another credit, which appeared, likewise, on the back of the note,—specifying the receipt on the sixteenth April, 1830, of fifteen hundred and twenty-two pounds cotton. This credit was legible, though an attempt had been made to obliterate it, by drawing a pen through the lines.

The Court below, instructed the jury, that the last credit should be disregarded by them, there being no other proof of payment.

*McClung*, for the plaintiff.
*Robison*, for the defendants.

HOPKINS, J.—Upon the trial of the issue in this case, in the Circuit Court of Jackson county, the plaintiffs in error, who were defendants in that Court, offered to read as evidence, an endorsement of a credit on the bond, on which the demand against them was founded. The endorsement is legible, although an attempt had been made to obliterate it, by drawing a pen over the lines. The Court in-

structed the jury, that it was not evidence of a payment.

We are of opinion the Court erred in giving the instruction. If the endorsement had been so effaced as to be illegible, a disinterested person who had seen it before the obliteration, would have been a competent witness to prove what had been the contents of it. The endorsement being legible, is proof of the same fact. It was competent evidence, and would show the right of the plaintiffs in error to the credit they claimed, until it should be disproved, or the effect of it explained away by the testimony of the party.[a]

a 7 Mon. Reps. 341.

Let the judgment be reversed, and the cause remanded.