## Riggs, use, &c. v. McDonald.

1. The plaintiff offered in evidence a bill of exchange, dated the 1st of August 1836, and payable five months thereafter; across the face of which, there was written a memorandum as follows : " Pro. non acceptance 21st September, 1836, C. A. M."—Held, that the memorandum was in form a noting of the bill for protest, and in the absence of explanatory proof, was evidence *prima facie*, that the same had been protested for non acceptance.

2. Where a bill is presented for acceptance, and acceptance refused, to entitle the holder to recover of an indorser on a protest for non payment, it is necessary to prove that a notice of non acceptance was duly sent, or delivered to him.

THE plaintiff brought an action of assumpsit against the defendant in error in the county court of Greene, and declared against him as the indorser of a bill of exchange, dated the 1st of August, 1836, and payable five months after date. On the trial, the bill being produced, there appeared written across its face, a *memorandum* as follows: " Pro. non acceptance, 21st Septem-

ber 1836, C. A. M." The plaintiff proved a protest for non payment, and due notice to the defendant. The defendant offered no evidence, but moved the court, by his counsel, to instruct the jury, that if from the *memorandum* written across the face of the bill, they should believe that the bill had been presented to the drawers thereof for acceptance, at any time before its maturity, and acceptance refused, the plaintiff was bound to give the defendant notice of such non acceptance, and that if no proof had been given to the jury of due notice of that fact, the defendant was discharged from all liability to pay the bill, and the jury should so find by their verdict. *And further*, that the jury might consider the *memoradum* made on the face of the bill, as a circumstance tending to prove, that it had been presented before maturity, for acceptance. Which instructions the court refused to give, but instructed the jury, that if any testimony had been given, other than the *memoradum* on the face of the bill, shewing that it had been presented for acceptance before its maturity, and not accepted, the plaintiff was bound to prove due notice thereof to the defendant. The court further instructed the jury, that the *memorandum* across the face of the bill was no part of it, and could not in the absence of other proof, be looked at or regarded by the jury, as evidence tending to show a presentment for acceptance before the maturity of the bill, and a refusal by the drawees to accept.

A verdict and judgment was rendered against the defendant in the county court: from that judgment, he prosecuted a writ of error to the circuit court of Greene, where the same was reversed, and the case remanded to the county court, for further proceedings. To revise the judgment of the circuit court, a writ of error has been prosecuted to this court; and the questions here raised, are, did the county court err in refusing the instructions moved by the defendant's counsel, or in those that were given to the jury.

Bliss, for the plaintiff.
Murphy and Erwin, contra.

COLLIER, C. J.—The *memorandum* written across the face of the bill, clearly indicates a presentment to, and a refusal by the drawees to accept. When it is proposed to protest a bill for non acceptance, the holder places it in the hands of a notary, who presents it to the drawee, and demands acceptance, and if the drawee refuses to accept, the notary usually makes a minute on the bill, consisting of his initials, the month, the day and year, and the reason if assigned, for non acceptance. This minute is usually termed *noting* the bill, and though it is unknown in the *law*, as distinguished from the *protest*, and will not in any case, dispense with a protest, yet is a preliminary step which has grown into practice. (Chitty on Bills, Beebee's ed. of 1836, pp. 362, '3.)

True, no evidence of a protest for non acceptance was introduced in the county court, by the defendant, yet the *memorandum* on the bill, in the absence of any explanation, furnished presumptive proof of a presentment to the drawees. It was not essential to the defence, that a protest should have been drawn up in form, but it was enough for the defendant to show *prima facie* that acceptance had been demanded and refused, no matter whether the evidence creating such a presumption was offered by the plaintiff or by himself. The presumption from the proof being such as we have stated, it was incumbent on the plaintiff to remove it, by explanatory evidence, or else to have shown that due notice of the non acceptance was given to the defendant.

The *memorandum*, it has been remarked, does not appear to have been made by a *notary*. True, the individual making it does not give to himself any official designation, but as it is in form a noting for protest, and the bill *prima facie*, has been ever since it was drawn in the possession of the plaintiff, or some previous party, and is now offered by the plaintiff, he must abide the inference, that it was presented for non acceptance, before its maturity, or else explain away by proof, the effect of the *memorandum*.

The question raised upon the evidence, is not the common case of an addition to, or alteration of a writing; but if it were to be decided by analogous principles, the plaintiff would not perhaps

occupy a more favorable position. It has been held, that if a *bill, note,* or other *negotiable security*, appear upon the face, to have been altered, it is for the holder to prove, and not for the defendant to disprove, that it was altered under circumstances which will make it still available. (Chitty on Bills, Beebee's ed. of 1836, p. 212, and cases there cited: Ibid. 615: McMichen v. Beauchamp, 2 Miller's Lou. Rep. 290.)

In Clark & Lindsay v. Simmons (4 Porter's Rep. 14) it was held, that a credit endorsed on a note and erased, but not so as to render it illegible, was evidence of a payment, unless it was disproved, or its effect explained away by testimony. To the same effect is Benson v. Mathews. (7 Louisiana Rep. 356.)

In the case at bar, no proof having been adduced in the county court to destroy the inference from the *memorandum* on the bill, its judgment was rightfully reversed by the circuit court: and the consequence is, that the judgment of the circuit court is here affirmed.