167 So. 701

### COOPER v. BLAIR.

8 Div. 720.

Supreme Court of Alabama.

March 19, 1936.

Rehearing Denied April 23, 1936.

Chas. H. Eyster and Philip Shanks, Jr., both of Decatur, for appellant.

263

BROWN, Justice.

Action of assumpsit by appellee, Lula Mae Blair, as administratrix of the estate of S. A. Blair, deceased, on a promissory note executed by the defendant, appellant here, to the plaintiff's intestate on March 24, 1928, expressing an indebtedness of $450 payable on demand; the complaint averring that the note was entitled to the following credits:

"July 25, 1929............................ $28.90
Sept. 20, 1930, by casings............ 71.00
Jan. 25, 1933............................ 50.00
Jan. 25, 1933............................ 32.40
Jan. 25, 1933, by 1 hog................ 8.64"

E. W. Godbey, of Decatur, for appellee.

The defendant pleaded the general issue, payment, and no consideration. At the conclusion of the evidence the court directed a verdict for the plaintiff by giving at her request the affirmative charge in writing, and the giving of said charge is the basis of one of the assignments of error. We are not of the opinion that Rule 32 of Circuit Court Practice was violated. The motion to strike the bill of exceptions is therefore overruled. Pollack v. Gunter & Gunter, 162 Ala. 317, 50 So. 155.

There is a controversy between the parties here as to whether or not the indorsements on the back of the note, the foundation of the suit, referred to as "the cancelled indorsements," were offered in evidence. The appellant asserts that they were in evidence and so treated by the plaintiff by the examination of his second witness in respect to them, while the appellee contends that only the "uncancelled indorsements were in evidence." This controversy must be settled by a construction of the bill of exceptions, resolving any doubt in respect thereto against appellant. Seaboard Air Line Railway Co. v. Mobley, 194 Ala. 211, 69 So. 614.

The bill recites:

"Plaintiff first introduced in evidence the note sued on, which is in words and figures as follows:

" "$450.00     Hartselle, Ala. 3/24 1928
"On demand after date I promise to pay to the order of S. A. Blair Four Hundred Fifty and no/100 Dollars Value received, with interest from maturity until paid. Payable at The First National Bank, of Hartselle, Alabama.

The First National Bank of Hartselle, Alabama

"The makers and indorsers of this Note hereby expressly waive all right to claim

exemption allowed by the Constitution and Laws of this or any other State, and agree to pay cost of collecting this Note, including a reasonable attorney's fee, for all services rendered in any way, in any suit against any maker or endorser, or in collecting or attempting to collect, or in securing or attempting to secure, this debt, if this Note is not paid at maturity. Notice and protest on the nonpayment of this note is hereby waived by each maker and endorser.

"Jno. T. Cooper.

"No. —

"Due —"

Written on the back:

| | | |
|---|---|---|
| May 1929 | 377 09 | |
| By cash | 150 | |
| bal due | 227 09 | |
| 1/4 Cr. | 100 | |
| bal | 27 09 | |
| 7/25 Cr | 27 09 | |

| | | | | |
|---|---|---|---|---|
| 7/25—29/ Cr. 28 90 | 450 00 | | | |
| | 28 90 | | | |
| bal Due | 421 10 | | | |
| 1930 | | | | |
| 9/20 Cr by casings | 74 00 | 1/25/33 Cr | 50 00 | |
| | | 1/25/33 Cr | 32 40 | |
| | 347 10 | 1/25/33— | 8 64 | |
| | | Bal 4/12/33 | $256 06 | |

The plaintiff, after examining a witness to prove a reasonable attorney's fee, offered witness Summers, who testified on direct examination: "I am a brother of Mrs. S. A. Blair, and I was with her in the store of S. A. Blair at Hartselle, Alabama, after Mr. Blair's death, when Mr. J. T. Cooper came in there on one occasion. * * * He came in there and wanted to see his note, and we got the note—Mrs. Blair got the note and showed it to him. He first said that he wanted to know if he had been credited with a hog that he had sold Mr. Blair, and we told him that he had not been credited with the hog. There was a dispute on the price, and he wanted to see the note, and she produced the note and he gave himself credit then for the hog; figured it up, I think he said he would split the difference or something like that. He wanted ten cents for it and the market price was six cents and the agreement was the market price. He figured it up and gave himself credit for the hog. Mr.

Cooper acknowledged that he owed a balance. He just said 'That leaves me $256.-06,' after he deducted it himself with his own pen and ink. He did not say anything about the note having been paid in full, and did not make any claim of that sort. *At that time those credits up there on the top were crossed out; they were crossed out before his death, and I know it;* a long time before his death. This note was in Mrs. Blair's possession after his death, and after she became administratrix. Everything had been put down there but what he put down there himself. He put down $8.64 on 1-25-33 that is his own handwriting, and then he drew the line and added it up and totalled the difference, the balance of what he owed. Those words and figures down there 'BL.' for balance, 4-12-33, $256.06, he put those last two lines down; that is what Mr. Cooper put down, and the rest was in Mr. Blair's handwriting." On cross-examination this witness testified fully as to each and all of said indorsements. (Italics supplied.)

The defendant, in testifying in respect to the conversation with Mrs. Blair, testified to by Summers, in relation to what occurred in said conversation, referred to the indorsements at the top of the note (the canceled indorsements); and the plaintiff, testifying in rebuttal, also testified as to said indorsements.

We note the statement of counsel for plaintiff, made at the conclusion of defendant's testimony in chief: "I introduce in evidence the indorsements on the back of the note—the uncancelled indorsements on the back of the note."

We think it clear that when plaintiff first introduced "the note" in evidence, she offered the paper with all that was on it, including the indorsements on the back. Otherwise, testimony in respect to said indorsements and who made them, as testified to by plaintiff's witness Summers, was not material. The whole course of the trial clearly indicates that said indorsements were before the jury as evidence, and they have some tendency to show payment of the note in full. Clark and Lindsay v. Simmons, 4 Port. 14; Riggs, use, etc., v. McDonald, 1 Ala. 641.

The testimony of the defendant tended to controvert the testimony offered by plaintiff that he (defendant) admitted that there was a balance due on the note, and also the testimony in respect to the numerals placed on the note by defendant. His tes-

timony goes to show that said numerals related to the payments on premiums of insurance which plaintiff had applied for and purchased from defendant as agent.

With this testimony before the jury, it was error for the court to give the affirmative charge for the plaintiff. McMillan v. Aiken et al., 205 Ala. 35, 40, 88 So. 135.

As the judgment must be reversed for giving the affirmative charge, we pretermit consideration of the other questions argued, as they may not arise on another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.