Houston East & West Texas Railway Company et al. v.
Charles Perkins.

Decided June 14, 1899.

1. **Damages for Mental Suffering Alone—Railway Company.**

A railway company is liable to a passenger for mental suffering unaccompanied by a physical pain, caused by vulgar, profane, and indecent language of others permitted to remain on the cars with the passenger.

2. **Railway and Sleeping Car Companies as Joint Tort Feasors.**

A railway company and the Pullman Palace Car Company being joint tort feasors, may be joined in a suit for mental suffering to a passenger in a sleeping car attached to the railway company's train, caused by the language of drunken persons permitted to enter and remain in such car, and since the sleeping car is under the control of the train conductor, the railway company is not entitled to recover over against its defendant.

Appeal from Nacogdoches. Tried below before Hon. Tom C. Davis.

*J. C. Feagin* and *McCormick & Spence*, for appellants.

*Branch, Garrison & Blount*, for appellee.

FLY, Associate Justice.—Appellee sued the Houston East & West Texas Railway Company and Pullman Palace Car Company to recover damages incurred by reason of drunken men being allowed to enter a sleeping coach in which appellee and his wife were riding, and use vulgar, indecent, and profane language, to the great mental anguish and distress of his said wife.

The cause was tried by the court, and judgment rendered against appellants in the sum of $300.

The material findings of fact of the trial judge are sustained by the statement of facts, and are approved by this court. Appellee and his wife were passengers in a Pullman sleeper attached to a train of the railway company, whose conductor at night permitted drunken men to enter the coach where appellee and wife had retired, and permitted them to remain and use vulgar, profane, and indecent language, which caused great mental anguish and suffering to the wife of appellee, and caused her to lose her night's rest. The damages awarded are not excessive.

In the petition was the following allegation: "Plaintiff alleges that by virtue of the indecent conduct, vulgar and profane language, and their indecency in the presence of his said wife, caused her to become greatly alarmed and frightened, and that her sense of modesty was shocked, and that she was insulted and her feelings were outraged, and that she became very much excited and suffered mental anguish and pain, and that she was unable to sleep while on the said train by virtue of the conduct of the parties on said train." To this pleading the railway company urged a general demurrer, which was overruled. This action is presented as error, the proposition being that "actual damages

can not be recovered for mental suffering resulting from fright and apprehension of danger, when there is no accompanying physical pain." The proposition is without merit. In the case of Railway v. Jones, 39 S. W. Rep., 124, under facts similar to those under consideration it was said by the Court of Civil Appeals of the Second District: "On her right to recover damages for mental suffering, we think that it was the duty of the appellant's station agent to protect appellee from insult and abuse from all persons while she was at its station, waiting to become a passenger on its train, whether she received physical injuries or not." A writ was refused by the Supreme Court, as it was in the case of Leach v. Leach, 11 Texas Civ. App., 699, from the same court. In both of those cases no bodily injury was inflicted.

The petition stated a cause of action, and was not subject to general demurrer.

Demurrers were sustained to the cross-bill of the railway company in which it attempted to recover over against the Pullman Palace Car Company, in case appellee recovered a judgment against it, and the railway company complains of that action of the court. The two companies were joint tort feasors, and the general rule is that one wrongdoer can not recover of another for damages incurred by reason of his own wrongdoing. Cool. on Torts, p. 167. There are exceptions to the general rule, but the railway company does not come among them. Its cross-bill showed that the train conductor had control over the sleeping coach and was responsible for any wrong that may have been committed. In the light of the facts the railway company was not entitled to a judgment against the other wrongdoer, if the cross-bill had been allowed to remain.

The assignments of error of the railroad company from three to eleven inclusive complain of findings of fact of the trial judge, and the insufficiency of the evidence to support the judgment, and have been disposed of by our conclusions of fact.

The judge in his findings of fact and law did not state the amount of damages to which he deemed appellee entitled, and this is assigned as error. It was immaterial that the amount should have been stated in the findings of law and fact, as it is embodied in the judgment of the court.

The sleeping car company pleaded a misjoinder of parties, and the plea was overruled. The parties were joint wrongdoers and properly joined in the suit. None of the authorities cited is in point.

What has been said disposes of the points raised in the briefs of both appellants.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.