# Birmingham Railway L. & P. Co. v. Parker.

### *Damages for Assault by Conductor on Passenger.*

(Decided June 17, 1909. 50 South. 55.)

1. *Carriers; Passengers; Assault by Employes; Complaint.*—In an action by a passenger for damages from an assault by the conductor an allegation that the conductor wantonly assaulted plaintiff by grasping her by the arm and shoulders was the equivalent of an allegation that he wantonly grasped her by the arm and shoulder, and sufficiently charged the wanton assault.

2. *Same.*—Where the complaint alleged that the conductor wantonly assaulted plaintiff by grasping her by the arm and shoulder, and by winking and smiling at her, only one assault was charged, the smiling and winking not being charged as an assault, but alleged as an aggravation.

3. *Same; Care Required; Female Passenger.*—The contract of carriage of a female passenger implies that the carrier will protect them against obscenity, immodest conduct or wanton approach, and this duty should not be frittered away by nice questions as to whether the servant charged with the assault and immodest conduct was acting in the line and scope of their authority.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Melvie Parker against the Birmingham Railway, Light & Power Company, for damages for an assault committed on her by one of its conductors. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, GRUBB, BRADLEY & MORROW, and CHARLES E. RICE, for appellant.—Count 3 does not charge a wanton assault.—*Bir. O. & M. Co. v. Grover*, 48 South. 684; *Decatur C. & M. Co. v. Mehaffy*, 120 Ala. 242; *H. A. & B. R. R. Co. v. South*, 112 Ala. 642; see also in this connection—*L. & N. R. R. Co. v. Mitchell*, 134 Ala. 261; *Anniston E. & G. Co. v. Rosen*, 48 South. 803; *Herrin v. Tuscaloosa W. W. Co.*, 40 South. 55.

FRANK S. WHITE & SONS, for appellee.—The count was not subject to the criticism attempted to be made. —*Bir. R. L. & P. Co. v. Wise,* 149 Ala. 496; *Same v. Adams,* 146 Ala. 272; *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 244. As to the duty of carriers in the carriage of female passengers, see 2 Hutchinson on Carriers, secs. 982 and 1101.

SAYRE, J.—This is an action for an assault committed on the appellee, a girl, who was a minor and a passenger, by a conductor of the appellant while acting within the line and scope of his employment. The single assignment of error is grounded upon the action of the trial court in overruling the demurrer to the complaint as amended.

So much of that count as requires consideration here avers that the conductor "wantonly assaulted the plaintiff by grasping her by the arm and shoulders, by winking and smiling at her." It is stated as in the way of argument for the appellant that the quoted averment is not the equivalent of an averment that the conductor wantonly grasped the plaintiff by the arm and shoulder. We think that there is no appreciable difference between the meaning of the allegation adopted and that proposed in argument as its legally sufficient alternative. Each charges a wanton assault, and so states a cause of action. Nor do we reluctantly withhold our assent from the appellant's companion proposition that the meaning of the complaint is that the conductor grasped plaintiff by winking and smiling at her. One assault only is charged, and as a circumstance of aggravation it is averred that the conductor at the same time made demonstrations which may well have been offensive and shocking to a decent woman. They need not be taken to constitute the assault alleged, nor even any necessary part of it, but, if proved, gave a character and meaning to the assault alleged proper to be considered.

The general duty of carriers to conserve by every reasonable means the convenience, comfort, and peace of passengers, and to protect them against insult, indignity, and personal violence, and their liability for such injuries when inflicted by their agents and servants, received treatment in conclusive style by McClellan, C. J., in *Birmingham Ry. & Elec. Co. v. Baird*, 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43. We think, however, that the language of Hutchinson on Carriers may be appropriately quoted in this connection: "The contract of carriage as to female passengers embraces an implied stipulation that the carrier will protect them against general obscenity, immodest conduct, or wanton approach." And again: "The duty which a carrier owes to a female passenger to protect her from indecent assaults by its servants cannot be frittered away by questions of whether the servants were acting within the scope of their authority." Sections 982, 1101.

There was no error in the ruling made the subject of review, and the judgment of the trial court is affirmed.

Affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.