# Southern Railway Company *v.* Lee.

*Injury to Passenger.*

(Decided May 19, 1910. 52 South. 648.)

1. *Carriers; Passengers; Duty to Protect.*—It is the duty of the carrier or its employe as far as possible to prevent the use by other passengers of profane and insulting language in the presence of its female passengers.

2. *Same; Carrier of Passengers.*—Notwithstanding the rule of the railroad company or the state law prohibiting colored passengers from riding in coaches set apart to the white passengers, such rule did not justify the carrier's employes in permitting other passengers

[Southern Railway Company v. Lee.]

to use profane and insulting language in their effort to compel a colored passenger accompanying a white passenger as a nurse to leave the coach set apart for white passengers.

3 *Same; Pleading; Issue; Proof.*—Where the action was by a female passenger against a railroad on account of its employes permitting other passengers to use offensive language in an effort to compel plaintiff's colored servant to leave the car set apart to white passengers, an allegation that plaintiff's condition was so frail as to be open to ordinary observation, affected the gravity of defendant's negligence only, and was not an essential and a failure to prove same was not fatal to plaintiff's recovery.

4. *Pleading; Issue and Proof.*—Exact correspondence of allegation and proof is not required; it is sufficient if one substantially corresponds with the other.

5. *Same.*—Where there is an entire lack of proof as to any material averment of the complaint necessary to a recovery, the defendant is entitled to the general charge on request.

6. *Same.*—Where a single count contains several distinct, independent averments, each presenting a substantial cause of action, proof of either cause will authorize a recovery; but where all of the averments combined make up the averment of one cause of action, it becomes necessary to prove each averment.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Action by Lillian C. Lee against the Southern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The substance of the complaint is sufficiently set out in the opinion. The third plea interposed by defendant is as follows: "For further answer to plaintiff's complaint, and each count thereof, severally and separately, this defendant says: Actio non; for it says that, at the time of the alleged grievances and happenings on said train, the plaintiff was riding, and had with her on the first-class coach reserved for white passengers a negro boy or young man; that the other passengers on said train objected to the said negro riding in the coach so reserved for white passengers, as they had a right to do, and on account of plaintiff's wrongful failure or refusal to have the said negro moved out of said coach and into the coach or compartment reserved for colored passengers, the said white passengers in-

dulged in conduct and language to induce the said ne-gro to get out of said car and go into the car for colored people. And defendant avers that by reason of the breach of her duty as a passenger by plaintiff, in bring-ing or keeping the said negro in said car, the said lan-guage and conduct was indulged in by said alleged male passengers." Plea 5 alleges the same state of facts, with the additional allegation that under and by virtue of the laws of Tennessee it is provided in substance and legal effect that negroes and white passengers shall ride in separate coaches and compartments, and not in the same compartments or coaches.

PETTUS, JEFFRIES, PETTUS & FULLER for appellant. The trial court was in error in sustaining demurrers to pleas 3 and 5.—*N. O. & N. E. R. R. Co. v. Jopes,* 35 L. Ed. 919; *Culberson v. Empire Co.,* 47 South. 237. Un-der the allegation of the complaint, the fact that the plaintiff was in a weak and debilitated condition was material, and should have been proven.—*Croom v. Chi-cago R. R. Co.,* 18 L. R. A. 602; *Internat. R. R. Co. v. Gilmer,* 45 South. 1023; 2 Hutch. on Carriers, 1140. The court should have permitted the question to Dr. J. A. Lee.—*Prince v. The State,* 100 Ala. 144; *Preferred Co. v. Gray,* 123 Ala. 482; *Bessemer Co. v. Jenkins,* 111 Ala. 135. The question to Dr. Jones should have been allow-ed.—*Augusta R. R. Co. v. Dorsey,* 68 Ga. 288; *State v. White,* 76 Mo. 96.

DANIEL PARTRIDGE, JR., and N. D. GODBOLD, for ap-pellee. The court did not err in sustaining demurrer to pleas 3 and 5.—6 Cyc. 564. The law of Tennessee was not properly pleaded.—*Long v. Pioneer S. & L. Co.,* 96 Ala. 430; *Bank of Commerce v. Fuquay,* 28 Pac. 291. The plea did not bring the plaintiff and the nurse with-in the influence of the law sought to be pleaded.—44

La. 770; 133 U. S. 587; 163 U. S. 537. Counsel discuss the evidence, with citations of authority not necessary to be here set out.

SIMPSON, J.—This action was brought by the appellee against the appellant, on the contract between the appellee, as a passenger, and the appellant. The case was submitted to the jury on the first and second counts of the amended complaint. The first count sets out the contract, by which the defendant undertook to carry the plaintiff from Pine Hill, in Wilcox county, Ala., to Lenoir, in North Carolina, and return, and alleges that, on the return trip, at a point between Knoxville and Chattanooga, in the state of Tennessee, the servants or agents of the defendant failed "to use ordinary diligence to preserve order among certain male passengers who were then and there engaged in disorderly conduct on said train, but, to the contrary, did negligently allow or permit said male passengers * * * to engage in disorderly conduct, to use obscene, indecent, threatening, profane, and insulting language in the presence and hearing of plaintiff and in close proximity to her"; that said conduct was known to said agents, or by the use of proper care could have been ascertained and prevented; that plaintiff is a woman and was in a weak and debilitated condition, which was known to said servants, or could have been seen by them by the use of ordinary powers of observation; that said language and conduct was reasonably calculated to, and did, greatly terrify, alarm, frighten, and injure plaintiff, and as a proximate consequence thereof she suffered a complete physical relapse, fainted, etc., and suffered serious consequences, which are set out. The gravamen of the second count is that the car was greatly crowded, that it was impossible for the servants and agents, by reason

of the inadequate number of the same, to perform the duties of caring for and protecting the passengers, and to meet the needs of ordinary conditions of travel; but it goes on to allege that said servants, by the use of due diligence, could have learned of the disorderly conduct, etc., and prevented the injury, but that defendant failed or neglected to provide an adequate number of servants to meet the needs of ordinary conditions of travel.

There was no error in sustaining the demurrer to plea 3 interposed by the defendant. Said plea does not allege or show that there was any law or rule prohibiting colored passengers from riding on the same coach with white passengers, and, if there was such a law or rule, that would not justify the employes of defendant, in charge of said coach, to permit passengers to use profane, obscene, and indecent language in the presence of female passengers. That is not the way to enforce such a rule.

. There was no error in sustaining the demurrer to plea 5. While it is sometimes stated that a carrier is not liable for mere rudeness of one passenger, to another, which does not amount to a breach of the peace, and the illustrations generally given are such as rudeness by passenger, in passing out of a car by pushing others, etc., (2 Hutchinson on Carriers [3d Ed.] § 983, and notes), yet liability for the mere rudeness of passenger, and liability for the negligence of the servants of the carrier, in permitting the continuance of said rudeness, are two entirely different propositions. The laws of the different states, and the respect which public opinion demands for females in this country, show that it is an offense, sometimes punishable criminally, for a man to use profane, indecent, obscene, and insulting language in the presence of females, and it is the duty of the carrier, as far as possible, to prevent such offenses. Even

if it was mere rudeness on the part of those who used the language, yet, if the servants of the defendant allowed or permitted the continuance of such language in the presence of the female, it was a breach of the obligations of its contract.—2 Hutchinson on Carriers (3d ed.) §§ 982, 984; 6 Cyc. pp. 602, 603, and notes; *Houston, etc., R. Co. v. Perkins,* 21 Tex. Civ. App. 508, 52 S. W. 124. If said law was operative as to plaintiff, or to said negro boy, the proper remedy would be for the parties objecting to appeal to the conductor, or other servant of the defendant, to have the negro removed, and when they undertook to enforce it, by the use of offensive, profane, and indecent epithets, it was the duty of the servants of the defendant to use their authority to prevent them from using such language in the presence of the female passenger, and, if it could not be prevented in any other way, to eject them from the coach. If the flagman could not prevent it, it was his duty to call the conductor at once.

The case of *N. O. & N. E. R. Co. v. Jopes,* 142 U. S. 18, 25, 12 Sup. Ct. 109, 35 L. Ed. 919, has no application to this case. In that case it was affirmed only that a conductor has a right to act in self-defense against a passenger, and it affirms the right and duty of the employes in charge of the train to eject a passenger who uses grossly indecent language. Even if the plaintiff had, as claimed, violated her contract by bringing the negro into the coach (which has not been shown), that would not deprive her of the right of protection. It is not shown that she even refused to comply with any lawful request or demand for the removal of the negro.

It is next insisted by the appellant that, inasmuch as both counts of the complaint aver that the plaintiff was in a weak and debilitated condition, which fact was known, or could have been discovered by the use of or-

dinary diligence on the part of appellant's employes, and there is a failure of proof as to this material averment, the defendant was entitled to the general affirmative charge.

There is no dispute about the proposition that, if there is an entire lack of proof as to any material averment of the complaint necessary to a recovery, the general charge should be given, on proper request, in favor of the defendant. This is true in some instances, where the matter alleged, though unnecessary, becomes a part of the description of the contract, or other material matter.—*Pharr & Beck v. Bachelor,* 3 Ala. 244, 245; *Gilmer v. Wallace,* 75 Ala. 220.

It has also been stated that where a single count contains several distinct, independent averments, each presenting a substantive cause of action, proof of either cause will authorize a recovery; but, where all of the averments combined make up the averment of one cause of action, it is necessary to prove each averment.—*Birmingham Railway & Electric Co. v. Baylor,* 101 Ala. 488, 493, 496, 13 South. 793. That was a negligence case, and the court held that the description of the negligence complained of involved that of the person in charge of the switch, in failing to properly fasten it, and also that of the person in charge of the train, in failing to properly supply it with necessary equipment, etc., and that both should be proved. The court also held that mere redundancy would be rejected as surplusage.

In a case of suit for damages on a special contract, it was held that, although it was alleged in the complaint that the plaintiff had at all times been ready and willing to perform the services required of him, while the evidence showed that he had engaged in other business, the fact of such employment went only to the amount of damages, and the failure to prove the aver-

ment was not fatal to a recovery.—*Morris Mining Co. v. Knox,* 96 Ala. 320, 322, 11 South. 207.

This court has also said that: "An exact correspondence of allegation and proof is not required. It is enough that the one substantially corresponds with the other."—*Wilson v. Smith,* 111 Ala. 171, 176, 20 South. 134, 136.

In the case of *L. & N. R. R. Co. v. Johnston,* 79 Ala. 436, the complaint is not set out in hæc verba, but it is stated that the gravamen of the action was that the defendant "willfully refused to stop" the train, and carried the plaintiff several hundred yards beyond, where she was compelled to alight, without her consent, etc., and this court, in addition to saying that, if the failure to stop was merely negligent and not willful, the plaintiff could not recover, said, also, that "it would constitute a variance, if the evidence showed that the plaintiff not merely submitted, but consented to get off the train." The report of this case is not full, but it is evident that the court was not directing its attention to a case in which the first allegation, to wit, that he "willfully refused to stop," was proved, while the last one, to wit, that she was compelled to alight, was not. The court was merely discussing the difference between the allegation and the proof in each branch of the case.

In the later case of *Alabama Great Southern Railroad Co. v. Heddleston,* 82 Ala. 219, 222, 3 South. 53, 55, where the complaint alleged first the misdirection of the ticket agent in putting him on a train which did not stop at his desired destination, and then stated also facts tending to show a wrongful ejection from the train, which last allegation was not proved, this court said: "A full answer to this is that the complaint sets forth and counts on both causes of action. When such is the case, it does not prevent a recovery. The plain-

tiff succeeds to the extent the proof sustains his allegations, and only fails to the extent his proof fails."

In Encyclopædia of Pleading & Practice, vol. 22, these rules are laid down: (1) As a general rule, if part only of the allegations be proved, it is sufficient if what is proved affords ground for maintaining the action (page 567) ; and (2) that the rule applies only to allegations that are material to the action, or to those immaterial allegations which are so interwoven with those that are material as to make the latter depend upon them."—(Pages 533-535.)

In the present case the cause of action is complete without the last allegation referred to. The only office of that allegation would be to add to the gravity of the negligence, and perhaps increase the amount of the damages.

We hold, then, that even though the last allegation was not proved, to wit, that the condition of the plaintiff was so feeble as to be open to ordinary observations, yet the cause of action was made out, and the jury were the judges of the amount of damages for the negligence proved.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.