# Seaboard Air Line Railway Co. *v.* Mobley.

## *Injury to Passenger.*

(Decided June 3, 1915.　Rehearing denied June 30, 1915.
69 South. 614.)

1. *Appeal and Error; Review; Ruling on Evidence.*—Unless objection is directed to the question when asked and exception taken to the overruling thereof, or if the answer of the witness is not responsible, a motion is made to exclude it, and an exception reserved to the overruling thereof, the admission of the testimony is not reviewable on appeal.

2. *Bills of Exception; Construction.*—The bill of exceptions is always construed most strongly against the exceptor, and where it will admit of two constructions, one of which will support the judgment, and the other cause its reversal, the construction which supports the judgment will be adopted.

3. *Trial; Objections to Evidence; Time.*—It is never error to overrule objections to evidence not made to the question when propounded and before the answer.

4. *Appeal and Error; Review; Necessity of Exception.*—The overruling of a motion to exclude evidence complained of is not reviewable in the absence of an exception reserved to the ruling.

5. *Evidence; Competency.*—Where a passenger testified without objection that the conductor spoke to her and said he regretted what

[Seaboard Air Line Railway Co. v. Mobley.]

had happened, and that he was negligent, the question, "Was the conductor speaking to you?" was competent and explanatory of the testimony already given.

6. *Trial; Reception of Evidence; In Part Improper.*—Where a part of the answer of the witness was proper and a part improper because not responsive, the court will not be put in error for overruling the motion to exclude all of the evidence.

7. *Carriers; Passengers; Care Required.*—The carrier is under the duty to exercise the highest degree of care, skill and diligence for the safety of its passengers, and must take all reasonable precautions to make a passenger's journey safe, and free from harm and insult from fellow passengers, and is liable to a passenger for the consequences of the slightest negligence of its servants proximately resulting in injury.

8. *Same; Mental Suffering.*—A passenger may recover for mental suffering caused by vulgar, profane and indecent language of fellow passengers which might have been prevented by the trainmen, although not accompanied by physical pain.

9. *Same; Acts Constituting.*—The acts complained of considered and it is held that the carrier was liable for all the injuries sustained by the passenger, as it was the duty of the carrier to apprehend the injurious misconduct of the fellow passenger, if it could have been so seen in time to prevent its occurrence, or if not, to prevent its continuation on the discovery.

10. *Charge of Court; Ignoring Evidence.*—Charges which ignore a phase of the evidence in the case may be refused without error.

11. *Carriers; Duty to Passenger; Instructions.*—As to passengers actually on the train, the carrier must exercise a very high degree of care, and a charge asserting that the carrier need only exercise reasonable care is improper.

12. *Same.*—Where through the negligence of the trainmen, a passenger was not protected against assault and insult, the carrier failed in its duty to the passenger, and a charge asserting that even though the conductor was negligent, yet if he did not know the facts there could be no liability, was properly refused.

13. *Same; Damages.*—Independent of damages or other personal injuries, substantial damages may be recovered by a female passenger for fright and shock due to profane and insulting language used in her presence and hearing by fellow passengers, after knowledge by the conductor that such fellow passengers were drunk.

14. *Same; Care Required.*—Trainmen having reasonable grounds for believing that any passenger will act in a violent or offensive manner must take immediate steps to prevent such misconduct or exclude the offending passenger from the train.

15. *Same; Instruction.*—A charge asserting that the obligation of a carrier is to carry its passengers safely and properly, and treat them respectfully, and that it is obligated to protect them from insult and violence from whatever source, and must use all such reasonable precautions as human judgment and foresight are capable of to make passengers safe and comfortable, is not objectionable as requiring the carrier to insure the safety of passengers.

[Seaboard Air Line Railway Co. v. Mobley.]

16. *Appeal and Error; Harmless Error; Instructions.*—The error in a charge implying that a carrier is an insurer of the safety of its passengers, is cured by a charge that the carrier does not insure a passenger against injury, and cannot be considered an insurer in any aspect.

17. *Charge of Court; Instruction.*—The oral charge of the court must be considered in its entirety, and not by excerpts taken therefrom.

18. *Carriers; Passengers; Injuries; Complaint.*—Where the action was for injuries to a passenger, a complaint which states the facts of the injury, not imputing the carrier's negligence to them, and not specifying the negligent act or omission of the carrier which are relied upon, and which concludes with a general averment that the passenger was injured as a proximate result of the negligence of the carrier in reference to a duty owed to her as a passenger, is good as against the demurrer interposed.

19. *Same.*—A complaint which shows the relation of carrier and passenger, and alleges that, while plaintiff was a passenger, the trainmen negligently failed to preserve order among the passengers, and negligently allowed them to engage in disorderly conduct, and use obscence, indecent, threatening, profane and insulting language, in the presence and hearing of plaintiff, and in close proximity to her, and as a proximate consequence thereof she suffered a nervous shock, states a cause of action as against a demurrer, setting forth general grounds, and insufficient to raise the objection that the complaint does not allege that the trainmen knew, or that the attending circumstances were such that they should have known of the threatened danger to plaintiff in time to have avoided it.

20. *Pleading; Demurrer; Requisite.*—In order for the court to be in error for overruling demurrer to a complaint, the demurrer must point out the specific objections thereto.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Mrs. Ruth Mobley against the Seaboard Air Line Railway Company. There was a judgment for plaintiff, and defendant appealed to the Court of Appeals, and it transferred the cause, under Acts 1911, p. 449, § 6, to the Supreme Court. Affirmed.

The facts sufficiently appear. Charge 1, 2, and 3 were the general affirmative charge, and the affirmative charge as to each count of the complaint.

"(6) If you believe from the evidence that two young men passengers entered the ladies' toilet and afterwards closed the door against plaintiff, injuring her, and you

further find that defendant's servants and agents did not know, and in the exercise of reasonable care could not have known, of the presence of said men in the toilet before the injury occurred, then I charge you that plaintiff cannot recover in this case.

"(7) If two boys, through inadvertence or ignorance, entered the ladies' toilet of a Pullman car in the absence of the conductor of the defendant, or the conductor of the Pullman Company, and without the knowledge of either, such fact cannot be made the basis of liability against the defendant.

"(8) If defendant's servants and agents were in the exercise of reasonable care, but notwithstanding plaintiff was injured by the acts of other passengers, then plaintiff cannot recover in this case, and your verdict must be in favor of defendant."

"(11) If two young men, without the knowledge of the conductor of such car, or the conductor or other employees of defendant's train, entered the ladies' toilet of the Pullman Palace Car Company's car, and if plaintiff was injured by one or both of said men closing the door against her, without the knowledge of either of said conductors or the trainmen, then there can be no recovery in this case, and your verdict should be for defendant.

"(12) If the conductor and trainmen, or either, of defendant had no knowledge of the presence of the two young men passengers in the toilet at the time plaintiff was injured by their acts, if you believe she was so injured, then plaintiff cannot recover.

"(13) If you believe from the evidence that two young men passengers entered the ladies' toilet of a Pullman car, and thereafter closed the door against plaintiff when she attempted to enter, injuring her, and if you further

believe that defendant's conductor and trainmen at the time were in the exercise of reasonable care and had no knowledge of the presence of said young men there at the time of plaintiff's injury, then plaintiff cannot recover."

"(9) If the jury is reasonably satisfied that plaintiff is entitled to recover, and if you should further be reasonably satisfied from the evidence that the plaintiff's injuries and damages were of slight and not of substantial character, then the jury in its discretion may award plaintiff nominal damages, that is to say, some small sum, such as one cent, or one dollar.

"(10) The court charges you a railroad company's employees have the right to presume that passengers will behave and conduct themselves in a proper manner, and no duty to interfere with the passengers is placed upon such employee until they are made aware that such passengers are not conducting themselves properly."

The following charges were given at the request of plaintiff: "(1) The court charges the jury that the carrier's obligation is to carry his passengers safely and properly, and to treat them respectfully, and that the carrier is obliged to protect his passengers from violence and insult, from whatever source arising, and he is bound to use all such reasonable precautions as human judgment and foresight are capable of to make his passenger's journey safe and comfortable.

"(2) It is an actionable breach of the carrier's duty to negligently permit other passengers to use profane or insulting language in the presence of a female passenger."

"(4) The court charges the jury that the law imposes on common carriers the duty of exercising the highest degree of care, skill, and diligence in the transportation

of passengers, and holds them responsible for the consequences of the slightest negligence resulting in injury to persons sustaining that relation to them.

"(5) The court charges the jury that as to passengers the contract of carriage imposes upon the carrier the duty, not only to carry safely and expeditiously between the termini of the route embraced in the contract, but also the duty to conserve by every reasonable means their convenience, comfort, and peace throughout the journey, and this same duty is, of course, upon the carrier's agents.' They are under the duty of protecting each passenger from avoidable discomfort, and from insult and indignity and from personal violence. And it is not material from whence the disturbance of the passenger's peace and comfort and personal security and safety comes or is threatened; it may be from another passenger, or from a trespasser, or other stranger, or from another servant of the carrier. In all such cases the carrier is liable in damages to the injured passenger."

The following excerpts from the general charge of the court are referred to: "Assignment 15: "If they failed to exercise this high degree of care, skill, and diligence which the law imposes on them, and as a proximate consequence of that failure she suffered her injury, she would be entitled to recover, if you are reasonably satisfied that she was a passenger and was injured as alleged."

Assignment 16: "And the defendant railroad company, common carrier, owes this passenger, and that is the duty that this defendanet owed plaintiff in this case. Defendant, after plaintiff became its passenger, if you are reasonably satisfied from the evidence that she did become a passenger on defendant's train, defendant owed her the duty to exercise, and defendant's trainmen, em-

[Seaboard Air Line Railway Co. v. Mobley.]

ployees on the train, likewise owed her the duty to exercise, the highest degree of care, skill, and diligence known to careful, skillful, and diligent persons engaged in the business of carrying passengers by similar means and agencies, consistent with the practical operation of the road, not only to carry her safely, but to conserve her comfort, and protect her from insult or abuse by her fellow passenger, or other persons, whether passengers, or otherwise, on the train."

TILLMAN, BRADLEY & MORROW, and T. A. MCFARLAND, for appellant.

JONH DENSON, and CLIFTON L. BREWER, for appellee.

THOMAS, J.—This action was by appellee to recover damages against appellant for personal injuries alleged to have been sustained by her while being transported as a passenger of the defendant on its passenger train.

The evidence discloses that Mrs. Ruth Mobley bought her ticket to Atlanta, Ga., and boarded appellant's passenger train at the terminal station in Birmingham, Ala., carrying her one year old baby; that she went into the parlor car of appellant's train and paid the additional sum of .75 cents for the privilege of riding on said parlor car; that when the train was between 25 and 40 miles out from Birmingham, Mrs. Mobley went to the ladies' toilet on the car on which she was riding and attempted to open the door thereto; that the door opened with a jerk, disclosing two men who had been drinking; and that fumes of whisky emanated from the toilet as the door opened; that one of the men shoved Mrs. Mobley out and down on the floor against the wall, and the other cursed her. Appellee went back to her seat, rang the bell for the conductor, and reported what had happened to the conductor and to the porter in charge of the car,

and the conductor went back to where the men were, fastened them in the toilet, and did not let them out on their request. Thus confined by the conductor in the toilet, the men tried to get out and were disorderly and cursed in appellee's hearing. The appellee claims that this assault on her, and the disorderly conduct of the drunken men, caused her to be bruised and sore in her face and body, seriously affecting her nervous system, causing a cessation of the flow of her milk for the nourishment of her baby, and causing her great physical and mental pain and suffering. The evidence further tends to show that the car in which appellee was riding was a part of appellant's train operated by appellant, and that said car and its conductor and porter were under the charge and control of appellant's train conductor.

(1) There are several assignments of error challenging the rulings of the court on the admission of evidence against the objection of the defendant. The appellee as a witness had testified without objection that when she notified the conductor he went back to where the men were and "when he came back he said it was all over, and that he was very sorry it happened; that it was neglect on his part; that he should have been back there."

The bill of exceptions does not show that the question eliciting this statement was duly objected to before answer or after answer, as not responsive to the question eliciting this statement of the conductor, or that motion was made to exclude the statement, and that on ruling of the court thereon an exception was reserved to such ruling. The court's ruling cannot be reviewed by the statement, in the bill of exceptions: "Defendant here objected to the introduction of that part of the answer of the witness which relates to what the conductor said, on the ground that the same is hearsay."

To review the action of the court in permitting the introduction of the testimony, the objection must be directed to the question when asked, and the exception taken to the ruling of the court thereon, and if the answer was not responsive, a motion must be made to exclude, and an exception reserved to the ruling of the court thereon.

(2) The bill of exceptions is construed most strongly against the party excepting, and if it will admit of two constructions, one of which will reverse, and the other support, the judgment, the latter construction will be adopted.—*Dickens v. State,* 142 Ala. 49, 39 South. 14, 110 Am. St. Rep. 17; *McGehee's Case,* 52 Ala. 224.

(3) The practice cannot be sanctioned of objecting, not to questions propounded, but to testimony already before the jury. The answer to a question propounded in speculation upon what a witness will say, proving unfavorable, cannot be eliminated by a motion to exclude.—*Dowling v. State,* 151 Ala. 131, 44 South. 403; *Coppin v. State,* 123 Ala. 58, 26 South. 333; *Woodson v. State,* 170 Ala. 87, 54 South. 191; *Gordon v. McLeod,* 20 Ala. 242; *Rives et al. v. McLosky,* 5 Stew. & P. 330.

(4) There was no error in the court's overruling the defendant's objection, for it is clear that it was not made to the question when propounded and before answer. The motion to exclude does not clearly appear to have been ruled on.—*Stuart v. Mitchum,* 135 Ala 546, 551, 33 South. 670.

(5) Even if the statement in the bill of exceptions that "the court overruled defendant's objection" could be applied to the motion to exclude, there was no exception to the action of the trial court in refusing to grant the motion.—*Vankirk L. & C. Co. v. Green,* 132 Ala. 348, 31 South. 484.

(6, 7) The question, "Was the conductor speaking to you, Mrs. Mobley?" was competent and explanatory of the testimony she had just given without objection. If the witness included in her answer to this question other matter that was not responsive, it was the duty of the defendant to move to exclude the part of her answer that was not responsive to the question, and to invoke a ruling on its motion by the court, and to show by the record an exception to the ruling. The illegal and immaterial testimony should be pointed out by the party objecting thereto. The court is not required to look for the grounds of the objection, nor to separate relevant and competent testimony from that not responsive and not relevant, and the court cannot be placed in error for overruling the objection.—*B. R., L. & P. Co. v. Saxon,* 179 Ala. 136, 157, 59 South. 584.

The assignments of error disclose no error in the rulings of the trial court on the introduction of evidence.

The second assignment of error is based on the refusal of the court to give the general charge in favor of the defendant. The complaint consists of two counts. The first count shows the relation of common carrier and passenger between the plaintiff and defendant, and sufficiently alleges the negligence of the defendant, without specifying the particular acts or omissions of the defendant as constituting the negligence on which the action is founded. The second count shows the relation of common carrier and passenger, and alleges that while plaintiff was a passenger of defendant on its line between Birmingham and Atlanta, Ga., the defendant's servants or agents negligently failed to preserve order among certain male passengers, and negligently allowed them to engage in disorderly conduct, to use obscene, indecent, threatening, profane, and insulting language in

the presence and hearing of the plaintiff and in close proximity to her. There was in the record evidence tending to support, or furnishing a reasonable inference of the truth of, the material averments of each count of the complaint, and the general charge for the defendant was properly refused.

(8) A common carrier owes the duty to exercise the highest degree of skill and diligence in conserving the safety of its passengers. It is bound to take all reasonable precautions, as judgment and foresight suggest, to make the passenger's journey safe and free from harm and insult, and is responsible to the passenger for the consequences of the slightest negligence, on the part of its agents and servants, proximately resulting in injury and insult to such passenger. In *Southern Railway Co. v. Lee,* 167 Ala. 268-272, 52 South. 648, 649, Mr. Justice SIMPSON, writing for the court, said: "While it is sometimes stated that a carrier is not liable for mere rudeness of one passenger to another which does not amount to a breach of the peace, * * * yet liability for the mere rudeness of passenger and liability for the negligence of the servants of the carrier in permitting the continuance of said rudeness are two entirely different propositions. The laws of the different states and the respect which public opinion demands for females in this country show that it is an offense * * * for a man to use profane, indecent, obscene, and insulting language in the presence of females, and it is the duty of the carrier, as far as possible to prevent such offenses. Even if it was mere rudeness on the part of those who used the language, yet if the servants of the defendant allowed or permitted the continuance of such language in the presence of the female, it was a breach of the obligations of its contract."—2 Hut. on Carriers

(3d Ed.) §§ 982, 984; 6 Cyc. pp. 602, 603; *Houston, etc., R. Co. v. Perkins,* 21 Tex. Civ. App. 508, 52 S. W. 124.

The general authorities are collected in 6 Cyc., pages 602, 603, where the duty of protection of passengers against injuries from fellow passengers is stated as follows: "It is the duty of the servants of the carrier to exercise great care and vigilence in preserving order and guarding passengers from violence or insult threatened by fellow passengers, and this duty may involve the co-operation of the servants of the carrier and the invoking of the assistance of other passengers in removing from the train a disorderly passenger."—*N. O., etc., R. Co. v. Burke,* 53 Miss. 200, 24 Am. Rep. 689; *Putnam v. Broadway, etc., R. Co.,* 55 N. Y. 108, 14 Am. Rep. 190.

(9) It was held that a passenger may recover for mental suffering, unaccompanied by physical pain, caused by vulgar, profane, and indecent language of other passengers which might have been prevented by the servants of the carrier.—*Houston, etc., R. Co. v. Perkins, supra.* In *Birmingham Railway, Light & Power Co. v. Glenn,* 179 Ala. 263, 267, 60 South. 111, 112, it is said: "Whatever the rule may be in some other states, it is settled by a former decision of this court that it is an actionable breach of the carrier's duty to negligently permit other passengers to use profane or insulting language in the presence of a female passenger."

It is thus clear that, independent of personal injuries, damages may be recovered by a female passenger for mental suffering from fright, or shock, due to profane, abusive, or insulting language used in her presence by an employee of the defendant, and that the carrier is also under the duty to use all reasonable precautions suggested to human judgment and foresight to make its

passenger's journey safe and comfortable and free from insult, indignity, and personal violence.—*B. R. & E. Co. v. Baird,* 130 Ala. 334, 344, 30 South. 456, 459 (54 L. R. A. 752, 89 Am. St. Rep. 43). Chief Justice McClellan in this case declared: "It is not material whence the disturbance of the passenger's peace and comfort and personal security or safety comes or is threatened. It may be from another passenger, or from a trespasser or other stranger, or from another servant of the carrier, or, a fortiori, from the particular servant upon whom the duty of protection peculiarly rests."—*Culberson v. Empire Coal Co.,* 156 Ala. 416, 47 South. 237; *Sou. Ry. Co. v. Nelson,* 148 Ala. 88, 41 South. 1006.

Appellant's counsel cites the case of *Segal v. St. L. S. W. Ry. Co.,* 35 Tex. Civ. App. 517, 80 S. W. 233, where it was held that a railroal was not liable for an assault committed by a negro on a white female passenger alone in a lighted coach while the train was stopping at a station, and while the company's employees were absent from the coach, and that an assault under such circumstances was so unusual and out of the ordinary that it could not have been contemplated by a prudent person. It is reasonable to suppose that in the *Segal Case* the employees were absent from the car in the discharge of their duties to the passengers alighting from or boarding the car. In the case before us, the train was not stopping to permit passengers to alight from or enter the car, but the assault and insult occurred while the train was proceeding on its way between stations. It is thus apparent that the facts of the *Segal Case* are not parallel with the facts of the case before us. An examination of *Batton v. S. & N. A. R. Co.,* 77 Ala. 591, 54 Am. Rep. 80, cited by appellant's counsel, discloses that it is an early statement of the rule so comprehen-

sively declared in *B. R., L. & P. Co. v. Glenn, supra.* The justice, writing for the court in *Batton's Case,* quotes from *Britton v. Atlanta & Charlotte Ry. Co.,* 88 N. C. 536, 43 Am. Rep. 749, this statement of the rule: "The carrier owes to the passenger the duty of protecting him from the violence and assaults of his fellow passengers or intruders, and will be held responsible for his own or his servant's neglect in this particular when, by the exercise of proper care, the acts of violence might have been foreseen and prevented; and, while not required to furnish a police force sufficient to overcome all force, when unexpectedly and suddenly offered, it is his duty to provide ready help sufficient to protect the passengers from assaults from every quarter which might reasonably be expected to occur under the circumstances of the case and the condition of the parties."

The court held that, under the facts of the *Batton Case,* the defendant was not liable, in an action for damages at the suit of a female passenger, on account of obscene and profane language and indecent exposure of the person and other disorderly conduct by two or three intruders, who came into the waiting room at the station while plaintiff was waiting for the arrival of her train, when it was not shown that the company had notice of any facts which justified the expectation of such an outrage. In *N., C. & St. L. Ry. Co. v. Crosby,* 183 Ala. 237, 62 South. 889, the measure of care is declared to vary according to the time and place "and, while a very high degree of care may be required of the carrier with respect to passengers while actually on its trains or cars, only ordinary care is required as to passengers waiting at its stations, at least under ordinary conditions as they exist in this country."

The facts of the *Batton* and *Segal Cases* are somewhat similar, and the duty of the common carrier to the pros-

pective passenger is correctly stated, yet the principles of these cases have no application to the facts of the case before us, the law of which is declared in *B. R., L. & P. Co.. v. Glenn, supra,* and *Southern Railway Co. v. Lee, supra.*

(10) The evidence shows without conflict that the assault, insult,. and nervous shock sustained by Mrs. Mobley as a passenger of the defendant were caused by two drunken passengers going into the ladies' toilet of the car in which she was riding, cursing her, throwing her violently to the floor, and that even after she had complained to the conductor and porter, the insult and shock was prolonged and continued by the act of the defendant's servants in confining the men in the closet, instead of promptly removing them from the car. The duty of defendant was to apprehend the injurious misconduct complained of, if it could have been foreseen in time to prevent its occurrence, or, if not, to prevent its continuation or its repetition, on its discovery.

From the foregoing there was no error of the trial court in submitting the case to the jury, nor in refusing to give charges 1, 2, and 3, requested by the defendant.

(11) There was no error in the trial court's refusing to give charges 6, 8, and 13, requested by the defendant. The charges ignored that phase of the evidence tending to prove that the two men were allowed to remain in the toilet and to use profane and obscene language in the presence and hearing of plaintiff after their presence in the toilet had been made known to the defendant's servants and agents.

(12) The charges were also erroneous in instructing the jury that only reasonable care was exacted of defendant's agents and servants to protect passengers from

insult and injury. In respect to the passengers actually on its train or car, the law exacts of the common carrier a very high degree of care, and not the exercise of reasonable care, as the defendant sought to have the jury instructed by the charge.—*N., C. & St. L. Ry. v. Crosby, supra; Batton v. S. & N. Ala. R. R. Co., supra.*

(13) Charges 7, 11, 12, and 13 sought to have the jury instructed that, though the conductor of defendant or the conductor of the Pullman Company was negligent, if they did not know of the presence of the men in the ladies' toilet, such fact could not be made a basis of liability against the defendant. If through negligence of the agents or servants of the defendant company the plaintiff was not protected, as a passenger, from assault or insult, the defendant failed in its duty to the plaintiff. Under such charges, said servants or employees of the defendant whose duty it was to care for and protect passengers in the car might have been guilty of a disregard of their duty, and yet the defendant could disclaim any liability therefor, if said agent or employee had no knowledge of the presence of the men in the ladies' toilet. There was no error in the court's refusing to give charges 7, 11, 12, and 13. Charge 11 is further faulty in that it pretermits any consideration by the jury of the evidence tending to support the allegations of the second count of the complaint, and for this reason it was properly refused.

(14) Under the evidence in the case the question of the extent of the injury or insult, and the resulting damage therefrom, was a question for the jury. Mrs. Mobley testified that the assault on her caused certain designated physical injury, and a shock to her nervous system so severe as to cause the milk at her breasts to dry up, so that she could not properly nurture her infant,

and that she was forced to have the services of a physician. For the failure of the duty as declared in *B. R., L. & P. Co. v. Glenn, supra,* a plaintiff may recover substantial damages for such an insult and consequent mental suffering.

Independent of damages for other personal injury, substantial damages may be recovered by the female passenger, plaintiff in the case at bar, for fright and shock due to the profane and insulting language used in her presence and hearing by the two men confined in the toilet by the conductor, after knowledge of their drinking, condition, etc. Charge 9, requested by the defendant, was properly refused.

(15) The vice of charges 10 and 12, requested by the defendant, was in the failure to properly state the rule of law under the pleadings and the evidence in the case. The charge ignores the proposition that the carrier's employees must exercise a high degree of care, exacted of them by law, to prevent insult and injury, and that, having reasonable grounds for believing that any passenger will act in a violent or an offensive manner, it is their duty to take immediate steps to prevent such conduct or to exclude such offenders from the car. The evidence shows that the conductor had knowledge of offensive conduct on the part of the two men, and that he confined them in the toilet and detained them there, notwithstanding they continued to be insulting and offensive, in their conduct and language, in the hearing of the plaintiff; that he did not immediately remove them from the car and out of the presence or hearing of the plaintiff. The undisputed evidence is that the employees of the defendant, with knowledge of their drunken condition, detained the two men while they were cursing and acting in a disoredrly manner in close

proximity to the plaintiff and in her hearing, and thus subjected her to continued insult and annoyance.—*N. C. & St. L. Ry. Co. v. Crosby, supra; Batton v. S. & N. A. R. R. Co., supra; Southern Railway Co. v. Hanby,* 183 Ala. 255, 62 South. 871; *Montgomery Traction Co. v. Whatley,* 152 Ala. 101, 44 South. 538, 126 Am. St. Rep. 17. Chief Justice McClellan, in *B. R. & E. Co. v. Baird, supra,* said: "The law seems to be now well settled that the carrier is obliged to protect his passenger from violence and insult, from whatever source arising. He is not regarded as an insurer of his passenger's safety against every possible source of danger, but he is bound to use all such reasonable precautions as human judgment and foresight are capable of to make his passengers journey safe and comfortable, * * * but, a fortiori, against the violence and insults of his own servants. If this duty to the passenger is not performed, if this protection is not furnished, but, on the contrary, the passenger is assaulted and insulted through the negligence or the willful misconduct of the carrier's servant, the carrier is necessarily responsible. And it seems to us it would be cause of profound regret if the law were otherwise."

(16) The first given charge of appellee is taken from this statement of the law. The appellant, in its brief, criticizes the *Baird Case* and seeks to limit that statement of duty by a common carrier to passengers to preventing an assault on a passenger by a conductor of the car. The charge is not open to the objection that it made the common carrier an insurer of the passenger, for the duty placed on the common carrier under the charge was "to use all such reasonable precautions as human judgment and foresight are capable of to make his passenger's journey safe and comfortable."

(17) If there was anything in the insistence of appellant that the charge implies that the carrier is an insurer, this is rebutted by the concluding words of the charge, and by the giving, by the court, at defendant's request, of the following charge: "The defendant company did not insure the plaintiff against injuries by other passengers." "The defendant company cannot, in any aspect, be considered an insurer in this case."

The statement of the law in the *Baird Case* was adopted in *Southern Railway Co. v. Nelson*, 148 Ala. 88, 41 South. 1006, and by Mr. Justice ANDERSON in *Culberson v. Empire Coal Co.*, 156 Ala. 416, 420, 47 South. 237, and was cited with approval in *B. R., L. & P. Co. v. Glenn, supra,* and in *B. R., L. & P. Co. v. Parker*, 161 Ala. 248, 50 South. 55. In the latter case, Justice SAYRE, citing the *Baird Case,* says: "We think, however, that the language of Hutchinson on Carriers may be appropriately quoted in this connection: 'The contract of carriage as to female passengers embraces an implied stipulation that the carrier will protect them against general obscenity, immodest conduct, or wanton approach."

There was no error in the trial court's giving, at appellee's request, charges 1, 2, 4, and 5.

From the foregoing authority, there was no error in the trial court's oral charge to the jury as sought to be pointed out by the fifteenth and sixteenth assignments of error. The general charge of the court must be considered in its entirety, and not by excerpts therefrom; and, when so considered, the duty of the common carrier to the passenger was correctly stated to the jury.

(18) The action of the trial court is challenged in overruling the demurrer to the first count of the complaint. The count states the facts and res gestæ of the injury, not imputing the defendant's negligence to them,

and without specifying the negligent acts or omissions of the defendant relied on, and concludes with the general averment that the plaintiff was injured as a proximate result of the negligence of the defendant in respect to the duty owed to the plaintiff in and about the carriage of the plaintiff as a passenger of the defendant. The cases of *Southern Railway Co. v. Hanby,* 183 Ala. 255, 62 South. 871, and of *N., C. & St. L. Ry. Co. v. Crosby,* 183 Ala. 237, 62 South. 889, are cited by appellant as authority for the insufficiency of this count. In the *Crosby* and *Hanby Cases,* the respective complaints questioned sought to set up the quo modo of the injury sustained by the plaintiff before boarding the train, and while in defendant's depot awaiting the arrival of the train. In the instant case the plaintiff was a passenger between Birmingham, Ala., and Atlanta, Ga., and the injury complained of is averred to have been received while plaintiff was being transported as such passenger, by the defendant, between said points. The complaint does not attempt to set up the quo modo of the injury, but concludes with a general averment that the plaintiff's alleged injuries were proximately caused by the negligence of the defendant's agents or servants in or about the carriage of the plaintiff while a passenger of the defendant. The count was sufficient as against demurrer, and the overruling of the demurrer by the trial court was free from error.—*B. R., L. & P. Co. v. Jordan,* 170 Ala. 534, 54 South. 280; *B. R. L. & P. Co. v. Barrett,* 179 Ala. 274, 60 South. 262; *B. R., L. & P. Co. v. Gonzales,* 183 Ala. 273, 61 South. 80.

(19, 20) The demurrer to the first count of the complaint was refiled to the second count. The very general grounds of demurrer were not sufficient to raise the objection insisted on by the appellant in its brief that

the count does not allege that the defendant knew, or that the attending circumstances were such that the defendant should have known, of the threatened danger to the plaintiff in time to avoid it. No specific objection to the complaint is pointed out by the demurrer, as required by the many decisions of this court, and for this reason the court was not in error in overruling the demurrer. Aside from this, the count is sufficient under the measure of duty of a common carrier as declared in *Southern Railway Co. v. Lee, supra;* and *B. R., L. & P. Co. v. Glenn, supra.* The count declares the relation of common carrier and passenger; that the agents or employees of the defendant negligently failed to preserve order among certain male passengers who were then and there engaged in disordely conduct on the said train, and did negligently allow them to engage in disorderly conduct, to use obscene, threatening, profane, and insulting language in the presence and hearing of the plaintiff, and in close proximity to her, and that said language and conduct did greatly terrify, frighten, and injure the plaintiff, and as a proximate consequence thereof she suffered a severe shock to her nerves and nervous system, causing a cessation of the flow of milk for the nourishment of plaintiff's one year old infant, and causing plaintiff to endure great physical and mental pain and suffering, and that said injuries were proximately caused by the negligence of defendant's servants or agents in and about the carriage of plaintiff as a passenger of defendant.

No error appearing in the record, the case is affirmed. Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.