LYONS, Justice
(concurring in the result).
The main opinion correctly concludes that summary judgment in favor of CallA-Cab, Inc., d/b/a AAA Cab Company (“AAA”) on the' issue of its liability for an alleged sexual assault by Anthony Hamlin, a driver of one of its taxicabs, perpetrated *76 against Kristi Connell, one of his passengers, is due to be reversed.
Connell points out that under § 37-3-19(a), Ala.Code 1975, “[i]t shall be the duty of every common carrier of passengers by motor vehicle to establish and provide safe and adequate service....” AAA does not dispute the applicability here of this Code section. The main opinion deems it applicable as a matter of law, citing authority unrelated to the statutory treatment of common carriers. Because the term “common carrier” has a specialized meaning in Chapter 3 of Title 37, Ala.Code 1975, I treat § 37-3-19(a) as applicable only for the purposes of this appeal.[2] Connell also relies upon Birmingham Railway, Light & Power Co. v. Parker, 161 Ala. 248, 250, 50 So. 55, 55-56 (1909), in which this Court held:
‘“The contract of carriage as to female passengers embraces an implied stipulation that the carrier will protect them against general obscenity, immodest conduct, or wanton approach.’ And again: ‘The duty which a carrier owes to a female passenger to protect her from indecent assaults by its servants cannot be frittered away by questions of whether the servants were acting within the scope of their authority.’ ”
(Quoting Hutchinson on Carriers, §§ 982, 1101; emphasis added.) That principle is applicable to a taxicab. Mobile Cab & Baggage Co. v. Busby, 277 Ala. 292, 294, 169 So.2d 314, 316 (1964) (“As to the Mobile Cab and Baggage Company, the evidence must also be weighed in the light of the rule which applies to the degree of care imposed by law on common carriers of passengers for hire.”). See also Tinkham v. Groveport-Madison Local School Dist., 77 Ohio App.3d 242, 249, 602 N.E.2d 256, 260 (1991), wherein a taxicab company was held liable for the sexual assault of a minor by one of its drivers, and in which the court held that the “employment status of [the driver was] not determinative of [the company’s] liability as a common carrier for the breach of a nondelegable duty by a driver of one of its taxicabs.”
Therefore, regardless of whether Hamlin was an employee or an independent contractor, AAA owed Connell a nondele-gable duty and, upon a finding of a breach of that duty by Hamlin, is liable for Hamlin’s intentional conduct. The main opinion states: “There is a genuine issue of material fact as to whether AAA breached that duty.” 937 So.2d at 75. I agree with that conclusion; AAA has not conceded that the assault in fact occurred.
NABERS, C.J., and SEE, WOODALL, STUART, SMITH, and BOLIN, JJ., concur.

. See § 37-3-2(3), Ala.Code 1975 (defining “[cjornmon carrier by motor vehicle” as ”[a]ny person who or which undertakes ... to transport passengers or property or any class or classes of property for the general public in the State of Alabama by motor vehicle for compensation....”). But see §37-3-2(6), Ala.Code 1975 (defining "[c]ontract carrier by motor vehicle” as "[a]ny person not included under subdivision (3), who or which under a special or individual contract or agreement, under special or individual contracts or special or individual agreements ... transports passengers or property by motor vehicle for compensation in this state”); § 37-3-4(a) (l)b. (exempting from the requirements of Chapter 3 of Title 37 ”[m]otor vehicles for hire while operating wholly within the limits of a city or incorporated town or within the police jurisdiction thereof, or between two or more incorporated towns or cities whose city limits join or are contiguous or whose police jurisdictions join or are contiguous”).