# Southern Railway Company *v.* Hanby.

## *Injury to Passenger.*

(Decided May 15, 1913.   Rehearing denied June 19, 1913.
62 South. 871.)

1. *Carriers; Passengers; Duty to Protect.*—A carrier owes its passengers the affirmative duty to protect him from an assault by its servants, and no fault of the passenger, short of that producing necessity to strike in self-defense, will justify an assault by the carrier's servant or relieve the carrier from liability therefor; but where a passenger is assaulted on the carrier's premises by one not a servant of the carrier, the carrier's duty to protect the passenger does not arise until the carrier has reasonable grounds to believe that unless steps are taken to prevent it such violence or insult will occur, and at this time only is the carrier bound to interfere to save itself from liability for such damage.

2. *Same; Complaint.*—The complaint examined and it is held not sufficient to allege that the carrier knew, or from the attendant circumstances should have known of the threatened assault and battery on plaintiff by a stranger in time to have prevented the same, and therefore to be subject to the demurrers interposed.

3. *Negligence; Pleading.*—Where a complaint seeks recovery for simple negligence, it should definitely state the facts out of which the duty to act springs; this being properly stated, the negligent failure to perform the duty may be alleged in general terms.

4. *Pleading; Demurrers; Amendment; Waiver.*—Where the complaint was amended, after demurrer overruled, by striking the name of one of defendants, but not so as to change the part objected to by the demurrer, the failure to refile demurrer to the complaint as amended was not a waiver of the former ruling on demurrer.

5. *Same.—Construction of Complaint.*—The allegations of a complaint must be construed most strongly against the pleader when attacked by demurrer.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Action by S. M. Hanby against the Southern Railway Company for damages for injuries from an assault while a passenger.   Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

Count 3 is as follows:

"Plaintiff claims of defendant the Southern Railway Company, a corporation, and Lewis Malone, the sum of $10,000 damages in this: That on and prior to the 20th day of December, 1906, the defendant Southern Railway was a common carrier of passengers by means of a railroad which ran through Jackson, Ala., having at said Jackson a station at which it received and discharged passengers as such common carrier aforesaid; that on, to wit, the above date, plaintiff went to the passenger station of the said Southern Railway Company at Jackson, Ala., for the purpose and with the intent to take passage on one of the passenger trains of the Southern Railway Company leaving Jackson over its said railroad, which said train was to leave within, to wit, 10 or 20 minutes thereafter; plaintiff paid for his transportation over the railroad of the said Southern Railroad to Thomasville, Ala., another station on said railroad, and obtained from the agent of defendant Southern Railway a ticket entitling him and authorizing him to be carried on defendants passenger train, leaving said station going from Jackson to Thomasville, and said company had contracted with plaintiff to carry him as a passenger on its said train from Jackson to Thomasville, which train was due to leave said Jackson within, to wit, 10 or 20 minutes after, and while plaintiff was waiting at said station for the purpose of taking passage on said train, and with the intention of taking passage on said train, he was set upon by a person or persons at defendant's said station and kicked, struck, beaten, knocked down, bruised, and had vile epithets applied to him, and plaintiff avers that it was the duty of defendant Lewis Malone, under his employment by defendant, to protect plaintiff, as it was also the duty of defendant Southern Railway Company to protect plaintiff from indignities, assaults, and batte-

ries and other wrongs perpetrated upon him as aforesaid, and plaintiff avers that the defendants negligently failed to perform their duty to the plaintiff in that behalf; but negligently permitted him to be assaulted, beaten, bruised, and otherwise ill treated, by reason and as a proximate consequence of which he was caused to suffer (here follows catalogue of injuries) all of which said wrongs and injuries to plaintiff were known to said Southern Railway Company, and to said Lewis Malone, or would have been known by the exercise of such reasonable care and diligence."

The demurrers were as follows:

"Because said count fails to show wherein the defendant violated any duty which it owed to plaintiff, because, as a matter of law, the defendant Southern Railway Company is not liable for the act of its alleged agent Lewis Malone for the alleged acts referred to or described in said count. Said count does not sufficiently show that the plaintiff's injuries were the proximate consequence of the negligence of defendant, or of its alleged agent Lewis Malone. There is no absolute duty upon the part of the defendant Southern Railway Company to protect plaintiff against such assault or injuries as are set out in said count. It does not appear from the allegation of said count that the agent of defendant, Lewis Malone, while in the exercise of the performance of his duties for the Southern Railway Company, was charged with the duty of protecting the plaintiff from the insults and indignities set out in said count. From all that appears to the contrary in said count, the plaintiff was assaulted and beaten as alleged in said count by persons not in the employ of the Southern Railway Company, and not having any connection with it."

9—183

J. T. STOKELY and R. H. SCRIVNER, for appellant. For former report see 57 South. 334. Count 3 was not helped by the amendment, and was subject to the demurrer interposed.—*Hanby v. So. Ry.*, 52 South. 334; *Batson v. S. & N. A. Ry. Co.*, 77 Ala. 591; 47 L. R. A. 120; 23 L. R. A. (O. S.) 606. Counsel discuss the assignments of error relative to evidence, but without further citation of authority. The oral charge of the court submitted to the jury a question of law, and was hence, improper.—*City of Montgomery v. Bradley*, 48 South. 809. The affirmative charge should have been given as to count 3.—*B. R. L. & P. Co. v. Hunnicutt*, 57 South. 263, and authorities cited.

FRANK S. WHITE & SONS, for appellee. Having failed to refile the demurrers after the amendment, the appellant cannot now complain of the court's action thereon in the first instance.—*Ala. C. Co. v. Niles*, 106 Ala. 302. In any event, count 3 was sufficient.—*City D. Co. v. Henry*, 139 Ala. 161; *Armstrong v. Mont. St. Ry.*, 123 Ala.; *Moore's Case*, 151 Ala. 327; *Sweet's Case*, 136 Ala. 166; *McCurdy's Case*, 172 Ala. 490; *Baird's Case*, 130 Ala. 334; *So. Bell v. Francis*, 109 Ala. 231; 2 Hutchinson on Carriers, sec. 989; *Parker's Case*, 161 Ala. 248; *L. & N. v. Glasgow*, 60 South. 103; *Sanders' Case*, 97 Ala. 307. Exceptions to charges must come before the jury retires.—*Montgomery v. Gilmer*, 33 Ala. 116; *Moore v. State*, 40 South. 345. The court's oral charge is not objectionable when construed as a whole.—*B. R. L. & P. Co. v. King*, 149 Ala. 504; *Knight v. State*, 160 Ala. 63; *B. R. L. & P. Co. v. Cockrum*, 60 South. 308; *Mont. T. Co. v. Whatley*, 152 Ala. The court was unquestionably right in refusing the affirmative charge to defendant.—*L. & N. v. Glasgow, supra; N. Bir. Ry. v. Liddicoat*, 99 Ala. 545; 4 Elliott on Railroads, sec. 1579.

DE GRAFFENRIED, J.—In the case of *Batton and Wife v. Smith & North Alabama Railroad Company*, 77 Ala. 591, 54 Am. Rep. 80, this court, quoting from *Britton v. Atlanta & Charlotte Railway Company*, 88 N. C. 536, 43 Am. Rep. 749, said: "The carrier owes to the passenger the duty of protecting him from the violence and assaults of his fellow passengers or intruders, and will be held responsible for his own or his servants' neglect in this particular when, by the exercise of proper care, the acts of violence might have been foreseen and prevented; and, while not required to furnish a police force sufficient to overcome all force, when unexpectedly and suddenly offered, it is its duty to provide ready help, sufficient to protect the passenger from assaults from every quarter which might reasonably be expected to occur, under the circumstances of the case and the condition of the parties." In this same case this court said that the duty of a common carrier to a passenger while at a station awaiting the arrival of a train "ought not to be greater than that of an innkeeper, who is never held liable for trespass committed ordinarily by strangers upon the person of his guest."

In Beale on Innkeepers and Hotels we find the following: "It is a duty of a carrier to protect his passenger from injury, and of an innkeeper to protect his guest from injury. to the best of his ability, by the use of reasonable means. The innkeeper must take reasonable steps to protect his guests."—Beale on Innkeepers and Hotels, § 174. An innkeeper owes to his guest the *affirmative* duty to protect his guest from an *unlawful* assault at the hands of a stranger, and from an assault of a servant not *lawfully* committed by such servant in resisting an act of violence—actual or reasonably apparent—at the hands of such guest. If an assault is committed by a servant of an inn upon the person of a

guest in retaliation for an insult received by such serv-
ant at the hands of a guest, that fact, in a suit by the
guest againt the innkeeper for damages because of such
assault, may be considered by the jury in mitigation of
damages, but not as a complete bar to a recovery in the
case. In the case of innkeepers (as in the case of com-
mon carriers) the fault of the guest short of produc-
ing a *necessity* to strike in *self-defense* will not justify
an assault on the part of the *servant,* nor relieve the
innkeeper from liability for his act.—*Alabama City,
Gadsden & Attalla Ry. Co. v. Sampley,* 169 Ala. 373,
53 South. 142; *Birmingham Electric Co. v. Baird,* 130
Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep.
43; Beale on Innkeepers and Hotels, § 172.

The above strict rule does not, of course, obtain when
a passenger of a common carrier, or a guest of an inn,
is assaulted and beaten, or insulted, by a person *not* a
servant. In the latter case the common carrier, or inn-
keeper, owes his passenger or guest protection against
the *lawless* violence of a stranger, but that duty of pro-
tection *does not arise* until such carrier or innkeeper
has reasonable grounds for believing that such violence
or insult will occur unless steps are taken to prevent
it. When *that* occurs *then* the carrier or inkeeper must
at once take all such reasonable steps as the circum-
stances will admit of to prevent the threatened injury
or insult, and if he fails to do so, *then* he is liable in
damages for the consequences. "The injury for which
the carrier is liable must have been of such a character,
and perpetrated under such circumstances, as that it
might reasonably have been anticipated or naturally
expected to occur."—*Fewings v. Mendenhall* (Minn.
Sup. Ct.), 55 L. R. A. 713, note.

We quote, on the subject now under consideration,
the following from appellee's brief: "Carriers are not

only required to make and enforce reasonable regulations such as are necessary to protect their passengers from annoyance, insult, or injury on the train, but are required to make and enforce such reasonable regulations as are necessary to protect from annoyance, insult, or injury those who are invited to their depots or stations to become passengers. Failure to do so will make the carrier liable, *but in order to hold the carrier liable it must be averred that the station agent knew,* or had *the opportunity to know,* that the injury was threatened." The italics in the above excerpt from the appellee's brief are ours, and if the italicized words "the opportunity to know" are stricken therefrom, and in their stead the words "had possession of facts which would have led a reasonable man to believe" are substituted, the above quoted excerpt, subject to the qualifications expressed in what follows in this opinion, is a correct statement of the law. It is also, of course, the law that if a passenger is suddenly assaulted by a stranger while in the station of a railroad company, it at once becomes the duty of the station agent, if he sees or becomes aware of the difficulty, to take all reasonable steps necessary to put an end to such difficulty, and if he negligently fails to do so, then the company is liable to the person so assaulted or beaten for any injuries which such passenger thereby unlawfully received at the hands of such stranger.

2. This case was tried upon the third count of the complaint as amended. To this count the appellant, the Southern Railway Company, filed a demurrer, which demurrer the trial court overruled. Just before the case was submitted to the jury the name of Lewis Malone, as one of the defendants, was, by amendment, stricken from this count and the appellant did not re-file its demurrer to the count *after* this last amendment.

Under the rule laid down by this court in *Birmingham Railway, Light & Power Co. v. Fox*, 174 Ala. 657, 56 South. 1013, the appellant has not, however, for that reason lost its right to assign as error the above action of the trial court in overruling its demurrer to said count 3 as first amended. "The rule is that if the pleading is amended so as to eradicate the part objected to by the plea or demurrer, or in an attempt to obviate the point taken by the plea or demurrer, the demurrant waives his right to review the ruling, unless he reinterposes his demurrer to the amended pleading and gets a ruling on same, but if the amendment does not relate to the point or defect taken by the demurrer or plea, but to some other or different matter or part of the complaint, the defendant does not waive his right to review the ruling made before amendment."—*B. R. L. & P. Co. v. Fox, supra.*

As the sufficiency of count 3 was tested by demurrer, we must, under our rules, take the allegations of the count most strongly against the appellee. So construed, the count charges an assault and battery upon appellee, while a passenger of appellant, by a *stranger* and *not* by a servant of appellant. The gravamen, therefore, of the count is the negligent failure of the appellant to protect appellee against an unlawful assault and battery at the hands of a stranger. In such cases the true rule seems to be that the carrier is not liable unless the agents or employees of the carrier *"knew,* or, in the *light of the surrounding circumstances, ought* to have known, that danger was threatened or was to be apprehended and *then* failed to use their authority and power to protect the passenger from the impending peril."— *Ball v. Chesapeake & O. R. Co.*, 93 Va. 44, 24 S. E. 467, 32 L. R. A. 792, 57 Am. St. Rep. 786.

[Southern Railway Company v. Hanby.]

In the case of *Britton v. Atlanta & C. Air Line R. Co.,* 88 N. C. 536, 43 Am. Rep. 749, the Supreme Court of North Carolina said: "The liability of the defendant to the plaintiff grows, not out of the fact that she was injured, but out of the failure of its servants to afford her protection, after they had reasonable grounds for believing that violence to her was imminent."

In *Batton and Wife v. South & North Alabama Railroad Company, supra,* this court said: "The wrong or injury done the passenger by such stranger must have been of such a character, and perpetrated under such circumstances, as that it might reasonably have been *anticipated,* or naturally expected to occur."

It is, in effect, in the excerpt from the appellee's brief which we have above quoted admitted that, in a complaint seeking damages for such a wrong as we now have under consideration, it is *essential* that it shall be averred that the carrier knew, or from the attendant circumstances should have known, of the threatened injury *in time to have averted it* in order that a liability for such injury may be fixed upon such carrier. We have carefully parsed count 3, and we find in it no such averment. The count, it is true, as last amended concludes as follows: "All of which wrongs and injuries to the plaintiff were known to the said Southern Railway Company, or would have been known by it by the exercise of reasonable care and diligence." In the first place, the plaintiff (appellee) had no "wrongs and injuries" until after he was set upon and beaten. In the second place, when a count contains alternative averments, as in this case, the strength of the count, tested on demurrer, is to be determined by the allegations of the weakest alternative averment. The alternative averment "or would have been known by it by the exercise of reasonable care and diligence" is supported by

no allegation of the complaint that, prior to the assault, *anything* had occurred to bring home to the railway company, or its station agent, knowledge that an assault upon the appellee was probably in the contemplation of any person whatsoever. In addition to this there is no allegation in the complaint that the knowledge of the railway company of the *threatened* injury set up in the count—if it be possible to treat the quoted portion of the count as imputing knowledge of a *threatened* assault—was obtained by the railway company *in time for it,* by the exercise of due diligence, to have prevented the injury so threatened.

It is a familiar proposition that when a complaint seeks a recovery on the ground of simple negligence, the complaint must show, *with definiteness,* the facts out of which the *duty* to *act* springs. *This* being done, the *negligent failure* to *perform the duty* may be alleged in general terms. Count 3 does not, with sufficient certainty, *set up facts* showing a *duty* on the part of the appellant to protect the appellee from the wrongs set up in the complaint. It fails to show, with sufficient certainty, that the appellant knew, or that the *attendant circumstances* were such that the appellant should have known, of the threatened battery upon appellee in time, by the exercise of due care, to have prevented it. The general allegation that appellant negligently failed to perform its duty to the appellee in the premises does not cure the defect. The count was subject to appellant's demurrer, and the trial court committed reversible error in overruling it.

The judgment of the court below must therefore be reversed, and the cause remanded to the court below for further proceedings in accordance with the views expressed in this opinion.

Reversed and remanded. All the Justices concur. except Dowdell, C. J., not sitting.