(115 So. 230)

## NUNNALLY CO. v. BROMBERG & CO.
### (6 Div. 776.)

Supreme Court of Alabama. Jan. 12, 1928.

**1. Appeal and error** ⚖═➤766—Technical violation of rules respecting briefs held not to prevent consideration of assignments of error (Rules of Practice of Supreme Court, rules 10, 12).

Appellant's technical violation of Rules of Practice of Supreme Court, rules 10 and 12, prescribing form and manner of preparation of briefs, *held* not to prevent consideration of assignments of error, where brief presented controlling questions in case and was supplemented by oral argument and supplemental brief, since courts favor disposition of controversies on merits.

**2. Pleading** ⚖═➤34(4)—On demurrer, averments of pleading are taken most strongly against pleader.

Averments of pleading must be considered most strongly against pleader on demurrer.

**3. Landlord and tenant** ⚖═➤129(2)—Lessee's complaint for lessor's failure to deliver possession alleging lessee entered into possession of leased premises and all premises held by defendant under lease from owners, except part previously sublet, held demurrable for failing to show portion sublet was within plaintiff's lease.

Complaint by lessee alleging that defendant, its lessor, leased to it premises known "as No. 218 North Twentieth street," and that lessee entered into possession "of all of said premises" and all premises held by defendant under original lease from owners, "except the front portion of the second floor of said premises" which defendant had previously sublet, *held* demurrable as to counts setting up defendant's breach of contract to deliver possession, for failure to show with certainty that portion of building in possession of other tenant was part of premises known as "218 North Twentieth street," covered by plaintiff's lease.

**4. Pleading** ⚖═➤254—Failure to refile demurrers after amendment of complaint held not waiver, where amendment merely eliminated elements of damage.

Points taken by demurrers to special counts of complaint *held* not waived by failure to refile demurrers after amendment of complaint, where amendment merely consists of striking out certain elements of special damages.

---

⚖═➤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 127 N. W. 1042.

**5. Action ☞38(1)—Complaint alleging special expenses incurred as result of lessor's negligence, and that damages were proximately caused by failure to comply with lease held not to involve both tort and contract claims.**

In suit by lessee for lessor's failure to deliver possession of all of leased premises, count of complaint claiming special damages, in that plaintiff was compelled to expend money to repair plumbing and plastering "as result of negligence of defendant," and that damages were caused by defendant's failing to give possession of premises as required by lease *held* not objectionable as stating distinct causes of action for tort and contract, since allegations respecting negligence constituted mere specification of special damages.

**6. Pleading ☞32—Pleading contracts according to their legal effect is sufficient.**

Rules of good pleading do not require that contracts be set out in extenso, but permit that they be pleaded according to their legal effect.

**7. Pleading ☞214(5)—Contract not set out in complaint, but declared on as lease, must be treated as lease on demurrer.**

Where in counts of complaint contract is declared on as a lease without setting out the contract, it must be treated as a lease on demurrer.

**8. Landlord and tenant ☞79(1)—Whether transfer by lessee of entire interest constitutes assignment or subletting depends on parties' intention.**

Where, on transfer of leased premises, lessee parts with his whole term or interest, question as to whether transaction is an assignment or a subletting depends on intention of parties.

**9. Pleading ☞34(4) — Doubt arising from pleadings is resolved against pleader.**

Where question is left in doubt by pleadings, doubt will be resolved against pleader.

**10. Landlord and tenant ☞79(1)—Agreement by which transferee of premises occupied position of original lessee except as to payment of rent held not assignment of lease, but subletting.**

Agreement for transfer of possession of leased premises, providing transferee, designated as "lessee," should occupy same position as lessee under original lease and that transferor, designated as "lessor," obligated itself to perform all duties of original lessor, and providing for stipulated rental to be paid transferor, *held* not assignment of original lease and but a subletting, where agreement covered entire term of original lease.

**11. Landlord and tenant ☞129(2)—Defense that premises occupied by subtenant are outside lease is available under general denial, in action by assignee of lease for assignor's failure to deliver possession.**

In action by assignee of lease for assignor's breach of contract by failing to deliver all of leased premises, defense that part of which subtenant had possession was not covered by lease is complete defense which may be established under general denial.

**12. Landlord and tenant ☞80(4)—Knowledge of sublessee that sublessor had sublet part of premises to another does not excuse sublessor's failure to deliver possession or mitigate damages.**

Mere fact that sublessee has knowledge that sublessor has subleased part of premises to another does not excuse sublessor's breach of contract in failing to deliver possession, nor mitigate damages arising from breach, unless sublessee elects to treat lease as assignment of rents accruing under prior sublease.

**13. Pleading ☞112—Special pleas merely denying allegations of complaint held demurrable.**

In suit for breach of contract, to deliver possession of leased premises, sustaining demurrers to special pleas which asserted transaction involved an assignment of the original lease, and not a subletting, *held* not error, since pleas merely denied averments of complaint.

**14. Trial ☞11(2)—Defendant's failure to move for transfer to equity before pleading to merits, held not waiver of right to transfer (Code 1923, §§ 6488, 6490).**

Failure of defendant, sued for breach of contract to deliver possession of leased premises, to move to transfer case to equity docket before pleading to merits *held* not waiver of right to transfer, under Code 1923, §§ 6488, 6490.

**15. Trial ☞11(2)—Motion to transfer case to equity, alleging writings did not express true contract, without averment of mutual mistake, mistake of scrivener, or fraud, held insufficient to show equitable right.**

Motion to transfer case to equity which merely alleged that written lease agreement did not express true contract between parties, without averring that situation resulted from mutual mistake of parties, mistake of scrivener, or fraud of other party to agreement, *held* not to state equitable right.

**16. Appeal and error ☞695(2)—Refusal of affirmative charge was not reviewable where evidence appearing in record was incomplete.**

Where record showed on its face that some of evidence offered at trial was omitted, court could not consider question whether trial court erred in refusing affirmative charge.

**17. Appeal and error ☞173(2)—Provision of lease excusing lessors from liability except for failure to use due diligence, where not specially pleaded, held not available on appeal (Code 1923, § 9470).**

Provision in lease contract excusing lessors from liability except for failure to use due diligence to avoid breach *held* not available on appeal, under Code 1923, § 9470, where not specially pleaded in lessee's suit for lessors' failure to deliver possession of leased premises.

**18. Damages ☞117—Damages for breach of contract should restore injured party to condition he would have occupied if contract had not been violated.**

Rule for measuring damages for breach of contract is in general one of indemnity giving damages for the loss sustained so as to restore injured party to condition he would have occupied if contract had not been breached.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**19. Damages ⚖═45—Party injured by breach of contract may recover reasonable expenses incurred in mitigating damages.**

Party injured by breach of contract must use reasonable diligence and make reasonable efforts to reduce resulting damages to minimum, and is entitled to recover necessary expenses incurred in reducing damages.

**20. Landlord and tenant ⚖═80(4)—Damages for failure to deliver part of premises to sublessee held difference between reasonable rental value of part delivered after necessary changes in efforts to minimize damages and reasonable value of leased premises at time of breach.**

Measure of damages for failure to deliver possession of all of premises on sublease *held* difference between reasonable value of part of premises delivered, and of which sublessee took possession, its improved condition after necessary changes in efforts at minimizing damages, and reasonable rental value of premises covered by lease as they stood at time of breach.

**21. Damages ⚖═45—Expenditures by sublessee, made in good faith to minimize damages for sublessor's failure to deliver possession, by making that part of premises actually delivered fit for occupation held recoverable as special damages.**

Where sublessee's expenditures for linoleum, wall paper, partition, carpenter work, and painting, made necessary by sublessor's breach of contract to deliver possession of all of premises, were made in good faith to minimize damages by utilizing that part of premises delivered, such expenditures constituted proper elements of special damages which were recoverable by sublessee where specially claimed.

**22. Damages ⚖═62(4)—Injured party may not multiply or increase damages resulting from breach of contract.**

Law does not allow injured party to take advantage of situation resulting from a breach of the contract to multiply and increase the damages consequent upon such breach.

**23. Damages ⚖═45—Sublessee suing sublessor for failure to deliver possession to front part of building held not entitled to recover expenditures incident to change of building's front as made in minimizing damages.**

In action by sublessee against his sublessor, for damages resulting from latter's lessor's failure to deliver possession of part of premises constituting front portion of second floor, expenditures made by sublessee, or to be made, for purpose of changing front of building *held* not recoverable as expenses in minimizing damages.

**24. Witnesses ⚖═269(1)—Ruling that cross-examination as to matters foreign to examination in chief must stop unless party made the witness his own was error.**

Ruling of court that cross-examination of witness as to matters objected to as not touched upon in examination in chief must stop, unless party agreed to make the witness his own, was erroneous, if testimony was relevant and material.

**25. Landlord and tenant ⚖═80(4)—Evidence that beauty parlor which sublessor had sublet to another was known as "218½ North Twentieth street" held material in suit for failure to deliver possession under lease covering No. 218.**

In suit by sublessee against his sublessor for failure to deliver possession of all of leased premises designated as "No. 218 North Twentieth street," evidence that stairway entrance to beauty parlor, and parlor itself, which sublessor had sublet, were known as "218½ North Twentieth street" was material to show parlor was not included within plaintiff's lease.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for breach of contract by Bromberg & Co., a partnership, against the Nunnally Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Charges 29 and 30, refused to defendant, are as follows:

"(29) The court charges the jury that, if they believe the evidence, the plaintiff is not entitled to recover any expenditure that the plaintiffs may make in the future to remodel the front of said building.

"(30) The court charges the jury that, if they believe the evidence, the jury cannot return a verdict for damages to reimburse the plaintiffs for any expenditure in the sum of $2,500 or in any other sum which plaintiffs may make, or which plaintiffs contemplate making, to change the front of the building which is the subject-matter of this suit."

Alex C. Birch, of Mobile, and Drennen & Burns, of Birmingham, for appellant.

An action ex contractu and ex delicto may not be joined in the same count of a complaint. Southern R. Co. v. McIntyre, 152 Ala. 223, 44 So. 624; Sudduth v. Central of Ga. R. Co., 197 Ala. 393, 73 So. 28. Contracts must be interpreted in the light of surrounding circumstances. Evidence calculated to explain the subject of the contract was admissible. 24 Cyc. 1044; Pollard v. Maddox, 28 Ala. 321; Moore v. Barber Pav. Co., 118 Ala. 563, 23 So. 798; Greenleaf on Evi. § 286; T. & C. R. Co. v. E. A. R. Co., 73 Ala. 426; 22 C. J. 1186, 1191; Chambers v. Ringstaff, 69 Ala. 140; 16 R. C. L. 562; Meyer Bros. v. Mitchell, 75 Ala. 475; Houghton v. Moore, 141 Mass. 437; Mobile County v. Linch, 198 Ala. 57, 73 So. 423; Hughes v. Wilkinson, 35 Ala. 453; Tate v. Cody, 11 Ala. App. 350, 66 So. 837; L. & N. R. Co. v. Higginbotham, 153 Ala. 334, 44 So. 872; Cox v. O'Neal, 142 Ala. 314, 37 So. 674; Pierce v. Tidwell, 81 Ala. 299, 2 So. 15. The transaction was in legal effect a transfer and assignment of the rights of defendant under its lease from the owner. 35 Cyc. 1002; 16 R. C. L. 824; Aye v. Phil. Co., 193 Pa. 451, 44 A. 556; Davis v. Simpson Coal Co., 162 Ala. 424, 50 So. 368; 1 Taylor, Landlord and Tenant (9th Ed.) 16. The motion to transfer to equity

docket should have been granted. Code 1923, § 6490; Townsend v. Cowles, 31 Ala. 428; Corley v. Vizard, 203 Ala. 564, 84 So. 299; 16 R. C. L. 568; Gates v. Green, 4 Paige (N. Y.) 355, 27 Am. Dec. 68; Burch v. Driver, 205 Ala. 659, 88 So. 902; Campbell v. Hatchett, 55 Ala. 548; 10 R. C. L. 3089; Prestwood v. Carlton, 162 Ala. 327, 50 So. 254. The measure of damages for breach of stipulation to put the lessee in possession is the value of the lease. Snodgrass v. Reynolds, 79 Ala. 452, 58 Am. Rep. 601; Paris v. Johnson, 155 Ala. 403, 46 So. 642. Special damages must be specially pleaded. Danforth v. Tennessee & C. R. Co., 99 Ala. 331, 13 So. 51; 4 Michie, Ala. Dig. 664. Special or prospective damages are not recoverable when the lessor has no knowledge of the circumstances which would give rise to such damages. 16 R. C. L. 729; Hargreaves v. Kimberly, 26 W. Va. 787, 53 Am. Rep. 127; Gunter v. Beard, 93 Ala. 227, 9 So. 389; Lieberman v. Graf R. Co., 174 App. Div. 774, 161 N. Y. S. 567; 35 C. J. 56; 17 C. J. 669; Bromberg v. Eugenotto, 162 Ala. 359, 50 So. 314.

London, Yancey & Brower, of Birmingham, for appellee.

It is not permissible to argue in bulk numerous assignments of error involving different propositions of law. Sup. Ct. rule 10; Nor. Ala. Tr. Co. v. Taylor, 3 Ala. App. 456, 57 So. 146; Southern R. Co. v. Cunningham, 152 Ala. 147, 44 So. 658; Irby v. Kaigler, 6 Ala. App. 91, 60 So. 418. Appellant's brief violates rules 10 and 12. Brothers v. Brothers, 208 Ala. 258, 94 So. 175; Ogburn-Griffin v. Orient Ins. Co., 188 Ala. 218, 66 So. 434. Where the bill of exceptions does not contain all of the evidence, the court cannot pass on its sufficiency on appeal. Cont. Gin Co. v. Milbrat, 10 Ala. App. 351, 65 So. 424; Warble v. Sulzberger, 185 Ala. 603, 64 So. 361; Faught v. Leith, 201 Ala. 452, 78 So. 830; Ala. Power Co. v. Alford, 210 Ala. 98, 97 So. 224. It will be presumed that the evidence adduced warranted the rulings on charges asked and refused. So. Susp. Co. v. Van Borries, 91 Ala. 507, 8 So. 367; Wadsworth v. Williams, 101 Ala. 264, 13 So. 755; Bissell Motor Co. v. Johnson, 210 Ala. 38, 97 So. 49; Fuller v. Fair, 206 Ala. 654, 91 So. 591. Where counsel in brief merely repeats the assignment of error, it is not such an insistence as the rule requires and such assignment will not be considered. Stover v. Hill, 208 Ala. 575, 94 So. 826; Ga. Cot. Co. v. Lee, 196 Ala. 599, 72 So. 158; Repub. I. & S. Co. v. Quinton, 194 Ala. 126, 69 So. 604; West. Union v. Benson, 159 Ala. 254, 48 So. 712; West. Ry. v. Russell, 144 Ala. 142, 39 So. 311, 113 Am. St. Rep. 24; Hodge v. Rambo, 155 Ala. 175, 45 So. 678; L. & N. R. Co. v. Morgan, 114 Ala. 449, 22 So. 20.

BROWN, J. This action is by appellee against the appellant, and on the trial the plaintiff prevailed. The case was presented, on the merits, under the complaint as amended, consisting of five counts, the first being one of the common counts for money due on account, and the others for breach of contract, and defendant's plea of the general issue. The defendant filed a number of special pleas to which demurrers were sustained.

The assignments of error, of which there are two hundred and seventy-four, are predicated on the rulings of the court on the demurrers to the complaint, the demurrers to the special pleas, the rejection and admission of evidence, exception to the oral charge, the giving and refusal of special charges, and the refusal of the defendant's motion for a new trial.

[1] The appellee strenuously insists that these assignments of error should be treated as waived because of the violation of rules of practice 10 and 12 of this court, prescribing the form and manner of the preparation of briefs by appellants. We have given this insistence due consideration, and while the original brief filed by appellant does not strictly conform to the rule, it presents the controlling questions in the case so that they may be easily grasped, and was supplemented by oral argument and supplemental brief, with the statement of circumstances and difficulties confronting appellant's counsel in the preparation of the original brief. Courts are created to the end that justice may be administered, and their continued existence can be justified only to this end. While these rules of practice have for their purpose the orderly presentation of cases and to the expeditious disposal of public business, and should be respected and complied with by the bar, we must not lose sight of the fact that justice is best administered by disposing of controversies between litigants on their merits. We are satisfied that there has been no willful or intentional violation of the rules of practice, and are of the opinion that the circumstances justify a condonation of the technical violation of the rules, and for these reasons we are of opinion that appellee's contention should not be sustained.

Counts 2 and 3 of the complaint as amended aver, in substance, that the plaintiff on the 8th day of August, 1924, leased from the defendant "premises *known as No. 218 North Twentieth street,* in the city of Birmingham, Ala., for a period of time beginning on the 1st day of September, 1924, and extending through the last day of September, 1926," for a rental of $900 per month, payable monthly, the defendant holding the property described under lease from the owners, said lease from the owners being referred to in the lease between the plaintiff and defendant and made a part thereof, and providing that the plaintiff should assume and discharge all the terms of the lease between the defendant and the

owners, except the payment of the stipulated rents which were to be paid by the defendant to the owner, and in turn the agreed rents between the plaintiff and defendant were to be paid to defendant. The only substantial difference in the averments of the counts is that in the second, fourth, and fifth counts it does not appear that plaintiff's lease covered the remainder of the term held by the defendant under its lease from the owner, or that said original lease did not cover other property not covered by plaintiff's lease; while the third count sets out both leases, in hæc verba, and by comparison of the two leases it appears that both leases related to property described as "218 North Twentieth street," and the lease between the plaintiff and the defendant covers what remained of the defendant's term.

The alleged breach in the second count is thus stated:

"And plaintiff further avers that they have complied with each and all the terms and provisions of said lease, have paid said rent promptly when due and on, to wit, the 1st day of September, 1924, entered into possession *of all of said premises*, that is the first, second, and third floors of No. 218 North Twentieth street, and all of the premises held by the defendant herein under its said lease, except the front portion of the second floor of said premises, which the defendant herein failed to put the plaintiff in possession of, the said defendant having heretofore leased and rented said premises to a tenant who was then and has been continually and is now in possession thereof, and who has paid rent to the defendant herein for the use of said premises as in said lease provided of, to wit, $85 per month."

The breach as alleged in the third count is that:

When plaintiffs "were put into possession of said building known as 218 North Twentieth street, that is all of the ground floor, all of the third floor, and the rear portion of the second floor, the said defendant failed and refused to put them into possession of the front portion of the second floor, that the east portion, which was at the time they took possession of the balance of said premises and still is in possession of the third person, who is occupying the same, including the stairway leading thereto, as a beauty parlor, under a lease from this defendant which does not expire until, to wit, the last day of September, 1926.

"And plaintiff further avers that the said tenant occupying the east portion of said second floor has been and is now paying rent to the said defendant for said portion of said premises at the rate of $85 per month, which defendant has received and kept and retained.

"And plaintiff further avers that they have made demand upon said defendant to put them in possession of all of said premises, including the stairway leading from the sidewalk on Twentieth street to the second floor and east portion of said second floor now occupied by the beauty parlor, and said defendant has failed and refused so to do," etc.

[2, 3] Construing the quoted averments, as to the breach of the contract in connection with the other averments describing the premises covered by the alleged lease, most strongly against the pleader, as must be done on demurrer, it does not appear with certainty to a common intent, as the rules of good pleading require, that the portion of the building in the possession of the defendant's other tenant was a part of the premises "known as No. 218 North Twentieth street," covered by the lease held by the plaintiff. Non constat the premises so occupied by defendant's other tenant may have been known by a number other than 218 North Twentieth street. "Facts essential to a cause of action, and of which courts do not take judicial notice, must be stated with that certainty that the court, on an admission of the facts stated, may say that a cause of action in favor of the party complaining exists, or, as it is expressed in the books, 'with certainty to a common intent.'" Miles v. City of Montgomery, 17 Ala. App. 15, 81 So. 351; Woodward Iron Co. v. Marbut, 183 Ala. 313, 62 So. 804; Southern Ry. Co. v. Hanby, 183 Ala. 255, 62 So. 871. This defect was pointed out by the twentieth, twenty-first, twenty-second and twenty-third grounds of demurrer, and the court erred in overruling the demurrers to these counts.

Count 4 adopts the averments of *count 2* without other or more specific averments of a breach of the contract, and this count was subject to like objection.

Count 5 "adopts all of *count 4* down to and including the following words, where they appear in said count together: 'Attached hereto and marked Exhibit A is the lease between the defendant herein and the owners of said property,' and adds thereto the following:

"And plaintiffs aver that they have complied with each and all of the terms and provisions of said lease, and have paid the rent promptly when and as it became due thereunder, and that the defendant has failed to put the plaintiffs into possession of the whole of said leased premises, viz., the *east end of the second floor of said building and the space occupied by the stairway on the north side of said premises*, although the plaintiffs have made demand upon the defendant to put them in possession of the whole of said premises," etc.

There is no such averment in count 4 or in count 2, adopted by count 4, as that "*attached hereto and marked Exhibit A is the lease between the defendant herein and the owners of said property*." Nor does count 2 or four aver that "*the east end of the second floor of said building and the space occupied by the stairway on the north side of said premises*" constitute a part of No. 218 North Twentieth street.

Therefore, leaving out of view the uncer-

tainty arising from the attempted adoption of counts 2 and 4 as a part of this count, when the averments as to the breach of the contract are considered in connection with the antecedent averments of the counts adopted, it is subject to like objection as the other counts.

[4] The points taken by the demurrers to the several counts of the complaint were not waived by the subsequent amendment of the complaint by merely striking out some elements of special damages claimed, and a failure to refile the demurrers. Southern Ry. Co. v. Hanby, 183 Ala. 255, 62 So. 871; B. R. L. & P. Co. v. Fox, 174 Ala. 657, 56 So. 1013.

[5] The third count of the complaint is not subject to the objection that it joins in one and the same count separate and distinct causes of action, one ex contractu and the other ex delicto, by averring and claiming as special damages that:

*"As a result of the negligence of the defendant, its agents, or servants, at the time they moved from said premises and immediately before the plaintiff took possession of same, said plumbing was wrecked, damaged, and injured, and plaintiffs herein were compelled to expend the sum of $760.84 to put said plumbing in repair; that as a result of the negligence and wanton conduct of the defendant at the time it was removing from said premises, and in allowing the plumbing, during said time, to leak through the plastering in said premises the plastering was injured and damaged to the extent of $274.-00, which said sum was reasonable cost of repairing same."*

When these averments are taken in connection with the further averment "and plaintiffs aver that each and all of said several items of damages hereinbefore mentioned were proximately caused by and due to the defendant failing or refusing to give possession of said premises covered by said lease as hereinbefore set out, and a failure to comply with the terms under the lease under which it had said premises, and made a part of the lease to the plaintiff," it is clear that those italicized averments are a mere specification of special damages alleged to have resulted from a breach of the contract and were not intended as the statement of a separate and distinct cause of action.

The appellant insists that the contract as pleaded in the several counts of the complaint, and especially the third count, was a mere assignment of the original lease by the defendant to the plaintiff, and not a subletting creating the relation of landlord and tenant between the parties to the contract of August 8, 1924. If this contention is sustained, the plaintiff, under such assignment, took merely the rights of the defendant under the original lease, existing at the time of the assignment, incumbered by the lease held by the defendant's subtenant, with the right to the rents accruing thereunder, and assumed all of the obligations of the lessee to the landlord. In such case, the contention necessarily goes further than a mere question of the measure of damages. The failure of the defendant to oust the subtenant in possession and put the assignee in possession would not constitute a breach of the contract. Johnson v. Moxley, 216 Ala. 466, 113 So. 656; Terrell v. Nelson et al., 177 Ala. 596, 58 So. 989.

[6-8] Rules of good pleading do not require that in pleading contracts that they be set out in extenso, but permits that they be pleaded according to their legal effect. Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73; Davis v. Campbell, 3 Stew. 319; Pharr & Beck v. Bachelor, 3 Ala. 237. In counts 2, 4, and 5 the contract is declared on as a lease, without setting out the contract, and on demurrer it must be so treated. In count 3 the contract—the two writings constitute the contract—is set out in hæc verba, and as before stated, it appears that the defendant parted with its whole term or interest. The question, therefore, as to whether the transaction was an assignment or a subletting, under the doctrine approved by this court in Johnson v. Moxley, supra, turns upon the question of the intention of the parties. We quote here the approved doctrine:

" 'Where a lessee of land leases the same land to a third party, the question has often arisen whether the second lease is in legal effect an assignment of the original lease, or a mere sublease. The question has frequently, and probably most generally, arisen between the lessee and his transferee, and much confusion will be avoided by observing the distinction between those cases and cases where the question has been between the transferee and the original landlord. In the latter class of cases, the rule is well settled that, if the lessee parts with his whole term or interest as lessee, or makes a lease for a period exceeding his whole term, it will, as to the landlord, amount to an assignment of the lease, and the essence of the instrument as an assignment, so far as the original lessor is concerned, will not be destroyed by its reserving a new rent to the assignor with a power of re-entering for nonpayment, nor by its assuming, by the use of the word "demise" or otherwise, the character of a sublease; and the assignee, so long as he continues to hold the estate, is liable directly to the original lessor on all covenants in the original lease which run with the land, including the covenant to pay rent. * * * But as between the original lessee and his lessee or transferee, even though the original lessee demises his whole term, *if the parties intend a lease*, the relation of landlord and tenant, as to all but strictly reversionary rights, will arise between them. Mausert v. Feigenspan [68 N. J. Eq. 671, 63 A. 610] 64 A. 801. The effect, therefore, of a demise by a lessee for a period equal to or exceeding his whole term is to divest him of any reversionary right and render his lessee liable, as assignee, to the original lessor, but at the same time the relation of landlord and tenant is created be

tween the parties to the second demise, if they so intended.' Stewart v. Long Island R. Co., 102 N. Y. 601, 8 N. E. 200, 55 Am. Rep. 844." (Italics supplied.)

[9] On the question as now presented, if the intention of the parties is manifest upon the face of the contract, as pleaded, it must be accepted as the sole expositor thereof, but if the pleader has left the question one of doubt, the doubt will be resolved against him.

[10] We find in the writing of August 8, 1924, the following:

" * * * The lessee herein [plaintiffs] shall in all respects occupy the same position with reference to said property, as the lessee, to wit, the Nunnally Company, in said original lease of May 20, 1920, and the lessor [defendant] obligates itself to perform all *the duties* and do all the things to be done under said lease contract of May 20, 1920, by the lessor therein named, and the lessee herein obligates itself to do and perform all of the covenants required of the lessee; namely, the Nunnally Company, in said original lease of May 20, 1920, except that the lessee herein named shall pay to the lessor herein named the annual rental of $10,800, divided into equal monthly installments of $900, payable in advance on the first of each month, as hereinbefore particularly set out; the lessor herein agreeing to pay the rental required of it in said lease contract of May 20, 1920, promptly as therein required to be paid, and in all respects to protect the lessee herein against any default that would terminate or suspend such original lease contract where such default is the act of the lessor herein and not caused by the failure of the lessee herein to comply with the covenants assumed by it."

From these provisions it is manifest that the parties intended a subletting of the property, and not an assignment of the original lease, and their rights and liabilities must be accordingly adjudged.

[11] If it was defendant's purpose to assert through its fifth plea that the premises numbered "218½ North Twentieth street" were separate and distinct from the premises known as "218 North Twentieth street," and not covered by the lease under which the plaintiff claims, this, of course, would be a complete defense, and on another trial, if the pleadings are recast to conform to our views, evidence establishing this defense will be admissible under the general issue. The plea as it now appears in the record is equivocal and uncertain as to whether it was the purpose of the pleader to assert the defense above outlined, or to merely assert that it undertook to deliver the possession of the premises covered by the lease, and failed in its purpose because the part now known as "218½ North Twentieth street" was in the possession of a third person.

[12] Assuming that plaintiffs' lease covered the premises occupied as a beauty parlor, the mere fact that the plaintiffs or their agents had knowledge that defendant had leased part of the premises to another, when the lease to the plaintiffs was made and accepted, would not excuse the breach of the contract, nor would it mitigate the damages arising therefrom, in the absence of an election on the part of plaintiffs to treat their lease as an assignment of the rents accruing under the prior sublease. Poposkey v. Munkwitz, 68 Wis. 322, 32 N. W. 35, 60 Am. Rep. 858; Townsend v. Nickerson, 117 Mass. 501.

[13] The special pleas asserting that the transaction involved an assignment of the original lease, and not a subletting, is merely a denial of the averments of the special counts of the complaint, and in effect the general issue. We are of opinion, therefore, that the rulings of the court on the demurrers to the special pleas were free from error.

[14] The statute does not require that a motion to transfer a case from the law docket to the equity docket should be filed before issue joined. Code of 1923, § 6490. In fact, section 6488 provides that:

"Whenever it shall satisfactorily appear to a judge who is presiding in the law side of the court that a cause set for hearing before him presents an equitable question, the decision of which should dispose of the cause and which cannot be disposed of in the law side of the court, the judge may upon his own motion, enter a judgment or order transferring such cause from the law side of the court to the equity side of the court," etc.

Taking these remedial statutes in pari materia and giving to them a liberal interpretation, it is clear that defendant's failure to make the motion to transfer the cause to the equity docket before pleading to the merits was not a waiver of its right.

[15] While the motion shows with sufficient certainty that the writings evidencing the contract between the parties do not express the true contract, it fails to aver that this resulted from the mutual mistake of the parties, the mistake of the scrivener, or fraud on the part of the plaintiff. The averment of one or the other of these alternative facts was essential to a statement of the substance of the equitable right. Pieme v. Arata, 202 Ala. 427, 80 So. 811; Stone v. Hale, 17 Ala. 557, 52 Am. Dec. 185, 23 R. C. L. 326–330, §§ 19–22.

[16, 17] Appellant insists that the affirmative charge in its favor was erroneously refused, because of the provision in the contract excusing the lessor, appellant here, from liability "for the failure to deliver possession of said premises, *provided the* lessor shall exercise due diligence," and the absence of evidence showing that such diligence was not exercised. There are two reasons why this contention cannot be sustained. The first is that the record shows on its face that some of the evidence offered on the trial is omitted from the record; the other is that this provision of the contract excusing

liability except for failure to use due diligence to avoid a breach was not specially pleaded and is without influence on this appeal. George v. Roberts, 186 Ala. 521, 65 So. 345; Code 1923, § 9470.

[18] The rule for the admeasurement of damages for the breach of contract, in general, is one of indemnity giving damages for the loss sustained, so that, as nearly as is practicable, the injured party will be in the same condition he would have occupied if the contract had not been breached. Snodgrass, King's Adm'r, v. Reynolds, 79 Ala. 458, 58 Am. Rep. 601.

[19] Another rule, having its foundation in natural justice, is that the party injured by a breach of contract should use reasonable diligence and make reasonable efforts to reduce to a minimum the damages resulting from such breach, being allowed to recover *necessary expenses* incurred by him in so doing. Poposkey v. Munkwitz, 68 Wis. 322, 32 N. W. 35, 60 Am. Rep. 858; Bradley v. Denton, 3 Wis. 557; 1 Suth. on Damages, 148; 16 R. C. L. 559, § 29.

The statement of the general rule as to the measure of damages, for breach of contract, in the leading case of Hadley v. Baxendale, 9 Exch. 341, 26 Eng. L. & Eq. 398, is as good as can be found in the book, that:

"'Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course, of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it. Now, if the special circumstances under which the contract was actually made were communicated by the plaintiffs to the defendants and thus known to both parties, the damages resulting from the breach of such a contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated. But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he, at the most, could only be supposed to have had in his contemplation the amount of injury which would arise generally and in the great multitude of cases not affected by any special circumstances from such a breach of contract. For, had the special circumstances been known, the parties might have specially provided for the breach of contract by special terms as to the damages in that case, and of this advantage it would be very unjust to deprive them.'"

[20] If, as plaintiff contends, the premises occupied by Mrs. Spangler are covered by the plaintiff's lease, the measure for the recovery of general, as distinguished from special, damages for failing to deliver possession of that part of the premises would be the difference between the reasonable rental value of the part of the premises delivered, and of which plaintiff took possession, in its improved condition after necessary changes in efforts at minimization and the reasonable rental value of the premises covered by the lease as they stood at the time of the breach. Townsend v. Nickerson Wharf Co., 117 Mass. 501; Snodgrass v. Reynolds, 79 Ala. 452, 58 Am. Rep. 601; Prestwood v. Carlton, 162 Ala. 327, 50 So. 254; Tyson v. Chestnut, 118 Ala. 387, 24 So. 73; Paris v. Johnson, 155 Ala. 403, 46 So. 642; Moses v. Autuono, 56 Fla. 499, 47 So. 925, 20 L. R. A. (N. S.) 350; Poposkey v. Munkwitz, 68 Wis. 332, 32 N. W. 35, 60 Am. Rep. 858; 16 R. C. L. 727, § 218.

[21] If the expenditures for linoleum, wall paper, beaver board partition, carpenter work, and painting were made necessary by the breach of the contract, were reasonable in amount, made in good faith to minimize the damages by putting that part of the premises delivered to the plaintiff in condition so that it could be occupied without the other part, these would constitute proper elements of special damages and, being specially claimed, were recoverable.

[22, 23] The law does not allow the injured party to take advantage of the situation resulting from a breach of the contract to multiply and increase the damages resulting from such breach. Therefore the expenditures incident to the change of the front of the building were not allowable, and the court erred in receiving evidence relating to such expenditures, and in refusing special charges 29 and 30, requested by the defendant.

[24] During the cross-examination of one of the plaintiffs (R. H. Bromberg) defendant's counsel sought by appropriate questions to elicit testimony going to show that the part of the premises occupied by Mrs. Spangler was in her possession at the time the lease was entered into, and that plaintiffs had knowledge of this fact, and the extent of her rights therein. The plaintiff objected to the defendant cross-examining the witness on this subject because plaintiffs' examination in chief had not touched on that subject, and insisted that, if defendant examined the witness, it would have to adopt him as its own witness. The court sustained the objection and ruled that the cross-examination must stop, unless the defendant agreed to make the witness its own. This was error to reverse, if the testimony was relevant and material. Carter v. State, 191 Ala. 3, 67 So. 981; Johnson v. Armstrong, 97 Ala. 731, 735, 12 So. 72; Huntsville Belt Line & Monte Sano Ry. Co. v. Corpening & Co., 97 Ala. 681, 12 So. 295.

[25] As we have heretofore stated, the lease described the property in general terms,

being described in the lease as "premises designated as No. 218 North Twentieth street, in the city of Birmingham." The evidence shows without dispute that the stairway entrance to the beauty parlor, and the parlor itself, at the time of the transaction between plaintiff and defendant resulting in the execution of the lease, the foundation of this suit, were known as "No. 218½ North Twentieth street." Parties speak in their contract from the fountain of their mutual knowledge, and if courts and juries would properly interpret their words, they must be put, as near as may be, in a position to know just what the parties mutually knew, with neither addition nor abatement. McGhee v. Alexander et al., 104 Ala. 116, 16 So. 148. This evidence was material as shedding light on the sense in which the parties used the term "premises designated as No. 218 North Twentieth street," and whether or not it covered the premises known and designated as "218½ North Twentieth street."

Other questions are argued, but we deem what we have said a sufficient guide for another trial.

For the errors pointed out, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.